## H. E. Burton *v.* James Brewer, Sheriff, et als.

The transferee is only possessed, as regards third persons, after notice has been given to the debtor of the transfer having taken place. C. C. art. 2613. And an execution may be properly levied by creditors, previous to such notice.

In an affidavit for a new trial, on the ground of newly discovered evidence, the plaintiff swore that he expected to prove notice of the transfer of certain property. The affidavit was held to be defective, because it did not state the time at which the notice of the transfer was given.

APPEAL from the Third District Court of the Parish of Jefferson, *Clarke,* J. *V. F.* and *J. B. Cotton* and *J. J. Michel,* for plaintiff. *H. H. Strawbridge,* for defendants. By the court:

Dunbar, J. The executors of the succession of *Samuel Shakespeare,* having an execution in their name against *W. P. Kelsy,* had it levied by *James Brewer,* Sheriff of the Parish of Jefferson, upon a claim which *Kelsy* had against the city of Lafayette, for building a market-house.

The plaintiff in this suit, claiming to be the owner of the seized property, under a sale, or transfer, by private act from *Kelsy,* sued out an injunction to prevent the sale. The district judge dissolved the injunction, and gave judgment against the plaintiff, with twenty per cent damages on the amount of the judgment enjoined, and he has appealed.

The only question on the trial, was, whether the city of Lafayette, the debtor of *Kelsy,* had had notice of the transfer to the plaintiff, *Burton,* previous to the seizure. The transferee is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place. C. C. art. 2613. And an execution may be properly levied by creditors, previous to such notice. 6 Martin, N. S. 329. 2 L. R. 424. 1 R. R. 26 11 R. R. 298. The district judge, we infer, considered that such notice was not proved; and we think he did not err.

The plaintiff moved for a new trial, upon various grounds; the only one, however, which we consider it necessary to take any notice of, was' that of newly discovered evidence, by which, the plaintiff swears, he expects to prove notice of the transfer, but leaves out the indispensable allegation of the time at which this notice was given that he expects to prove by this newly found testimony. If it was a notice after the seizure, it would have been of no service; if before, he should have so stated it in his affidavit.

The district judge overruled the motion, very properly, for a new trial; but we do not concur with him in the reasons he gave for so doing.

The defendant has asked for an amendment of the judgment, so as to include *B. Dougart,* the surety, on the injunction bond. We think he is entitled to this, but not to the damages he claims for a frivolous appeal.

It is therefore ordered, that the judgment of the district court be so amended as to give the defendant a judgment, *in solido,* for his twenty per cent damages

BURTON
*v.*
BREWER.

and costs against the plaintiff, in injunction, and his surety, *B. Dougart*, and that, in all other respect it be affirmed, with costs.

Plaintiff's counsel applied for a re-hearing, and cited 9 R. R. 207. C.C. 3522. 9 R. R. 270. 11 M. R. 702. C. C. 2613. 1 N. S. 425, 6 N. S. 286. 17 L. R. 471. 8 R. R. 259. 12 R. R. 409. 4 Ann. 207. Story, on Agency, 140.

Re-hearing refused.