(108 So. 316)

No. 27702.

RUFFO et ux. v. MARCOTTE (Maloney, Garnishee).

In re MALONEY.

(March 29, 1926.    Rehearing Denied May 3, 1926.)

*(Syllabus by Editorial Staff.)*

I. Appeal and error ⬩⬩⬩781(7)—Court of Appeals should have dismissed garnishee's appeal at his costs incurred in that court, where judgment including interest and costs in trial court had been paid in full.

Where judgment was paid in full by defendant pending garnishee's appeal, including all interest and costs except costs of appeal, and conclusive evidence of that fact was before Court of Appeal, court erred in determining merits but should have dismissed garnishee's appeal at his costs incurred in that court.

2. Action ⬩⬩⬩6—Courts sit only to decide actual controversies at issue between interested parties.

Courts do not sit to decide moot and abstract propositions either of law or of fact, but only actual controversies at issue between interested parties.

Certiorari to Court of Appeal, Parish of Orleans.

Action by Mr. and Mrs. Ernest Ruffo against H. E. Marcotte, in which Paul W. Maloney was garnisheed. Judgment for plaintiffs, and garnishee appealed to Court of Appeal, and, to review judgment of Court of Appeal affirming that of lower court in so far as it condemned garnishee to pay costs, garnishee applied for certiorari or writ of review. Judgment of Court of Appeal set aside, with directions.

Paul W. Maloney, of New Orleans, in pro. per.

Titche, Kiam & Titche and Joseph H. Brewer, all of New Orleans, for respondents.

THOMPSON, J.   On February 21, 1924, the plaintiffs obtained a judgment against the defendant for $142 with interest and at-

torney fees.   Execution was issued on the judgment, and Paul W. Maloney was made party garnishee.

In answer to the interrogatories, Maloney denied that he was indebted to the judgment debtor in any amount, or that he had in his possession any money or property belonging to the said defendant.

The plaintiffs thereupon took a rule on the garnishee to traverse his answers, on the ground that said answers were untrue.

On a hearing, the rule was made absolute, and judgment was rendered against the garnishee for the sum of $142, with interest, attorney fees, and costs.

An appeal was prosecuted from this judgment by the garnishee to the Court of Appeal.

Pending that appeal, the defendant Marcotte paid to the plaintiffs the judgment in full, including interest and all costs, and the judgment docket in the civil district court was marked "Satisfied."

Thereafter, in the Court of Appeal, the appellant, relator here, moved the court to reverse the judgment appealed from with costs on the ground that the plaintiffs had received all that was coming to them and had put of record the judicial satisfaction, not only of their judgment obtained against defendant, but also the judgment obtained against the garnishee.

The Court of Appeal, however, heard the case on the merits, and rendered judgment affirming that of the lower court, "in so far as it condemns appellant to pay costs."

An application for rehearing was refused, and relator seeks relief from that judgment under a writ of review.

[1] Several errors are assigned in the judgment of the Court of Appeal, only one of which we deem it necessary to consider and that is, quoting from relator's petition:

"Because it (Court of Appeal) held that the plaintiffs could receive payment in full, mark

the docket 'satisfied' and still get a judgment in their favor for the costs."

The Court of Appeal was in error in passing upon and determining the merits of the case. The appeal should have been dismissed at the costs of appellant incurred in that court. The judgment had been paid in full, including all interest and all costs except the costs of appeal, and conclusive evidence of that fact was before the court.

The court said in its opinion:

"After the appeal was lodged in this court and while awaiting a hearing, the plaintiff collected his judgment with interest and costs from defendant, as is made to appear by motion filed in this court."

When the record was filed in the Court of Appeal an issue as to the liability of the garnishee was involved as between the latter and the plaintiff. The defendant did not appeal and was not a party to that appeal. When he satisfied the judgment in full, the controversy ended. There was no longer any justiciable issue. There was no longer any interested plaintiff.

The plaintiffs had gotten all that they had demanded, and the garnishee was discharged even as to all costs except the costs in the Court of Appeal.

The Court of Appeal was not called upon to determine as an abstract proposition whether under the given state of facts the garnishee owed the defendant, nor is this court warranted in doing so. That question, which was the sole issue, passed out of the case and beyond controversy when the defendant paid the judgment debt. It will be time enough to decide whether the relator owes the return of the money deposited with him to the defendant when and if ever properly presented by the defendant.

[2] Courts do not sit to decide moot and abstract propositions, either of law or of fact, but only actual controversies at issue between interested parties.

What has been said applies to the matter of costs as well as to the principal of the judgment, since as we have noted all costs were paid at the same time the judgment debt was paid.

Of course, if the costs had not been satisfied by the defendant and the plaintiffs were still liable for the same, then the court would have been called upon to consider and determine the merits of the original controversy for the purpose of fixing the liability for costs. The court in that instance would have had before it an actual issue presented by the parties having an actual interest. It is perfectly obvious that no such case existed in the appellate court after the judgment was satisfied in full.

The judgment of the Court of Appeal, herein made the subject of review, is set aside, and said court is directed to reinstate said cause on its docket and to dismiss the appeal, with costs of that court taxed against the appellant.

The plaintiff to pay the cost of the proceedings in this court.

ROGERS, J., takes no part.