(114 So. 706)

No. 28623.

## PAUL v. ARNOULT.

In re PAUL.

Oct. 31, 1927. Rehearing Denied Nov. 28, 1927.

*(Syllabus by Editorial Staff.)*

**1. Husband and wife ⬥138(10)—Where husband leased wife's property as agent, she had right of action for rents.**

Where husband leased property belonging to wife to another in his own name as agent for wife, and lessee had knowledge of facts, wife had a right of action on lease for rents, though lessee's copy of lease did not disclose existence of the agency.

**2. Husband and wife ⬥257—Husband's leasing of wife's property as her agent is not case of property "under the administration" of husband precluding wife's suit on lease (Rev. Civ. Code, arts. 498, 501, 2386).**

Rev. Civ. Code, art. 2386, providing that fruits of wife's separate property administered by her husband become part of community, constitutes exception to the general rule under arts. 498, 501, that fruits belong to owner, and husband's leasing of wife's separate property as agent for her and for her benefit did not present a case of wife's separate property being "under the administration" of the husband, within said article 2386, so as to preclude her from suing thereon in her own name; such a case being presented only when husband, with wife's consent, uses her separate estate for his own benefit or for that of the community, test being, not by whom the property is physically managed, but for whose benefit it is so managed.

**3. Husband and wife ⬥257—Where husband and wife declared husband leased wife's property as agent, lessee could not assert rents belonged to community to preclude wife suing on rent notes (Rev. Civ. Code, art. 2386).**

Where wife sued on rent notes given under lease of her separate property executed by husband in his own name on the ground that property was leased for her sole benefit by husband as her agent, and husband testified that he acted only as her agent in making lease, defendant lessee could not assert that rents belonged to community under Rev. Civ. Code, art. 2386, and thereby defeat a claim which he admittedly owed to one or the other.

Certiorari to Court of Appeal, Parish of Orleans.

Action by Mrs. Albert L. Paul against John B. G. Arnoult. Judgment for defendant was affirmed by Court of Appeal, and plaintiff brings certiorari. Reversed and rendered.

Claude L. Johnson, of New Orleans, for plaintiff.

J. B. G. Arnoult, pro se.

ST. PAUL, J. Plaintiff was the owner of the property No. 700 N. Carrollton avenue, in the city of New Orleans. On August 19, 1922, plaintiff's husband, *in his own name*, leased the property to defendant for one year at $50 per month.

The evidence shows, however, that defendant knew that the property belonged to plaintiff and that her husband acted only as her agent; and that the husband, upon observing that the lease (prepared by defendant) did not mention the agency, inserted the word "agent" after his own name in the copy retained by him, but did not make a like insertion in that retained by defendant.

### I.

When the defendant failed to pay the rent plaintiff sued therefor *in her own name.*

The trial judge dismissed her suit upon the ground that she was no party to the lease and could not sue thereon.

The Court of Appeal affirmed this judgment, but upon other grounds, to wit, that the revenues of the wife's separate property administered by her husband fell into the community and could not be sued for by the wife. R. C. C. art. 2386; Mitchell v. Dixie Ice Co., 157 La. 383, 102 So. 497.

### II.

[1] The wife being in fact the owner of the property and the husband only her agent, the wife had a right of action thereon if she

chose to exercise it. "It is a well established general rule that, where an agent on behalf of his principal, enters into a simple contract as though made for himself, and the existence of the principal is not disclosed, the contract inures to the benefit of the principal, who may appear and hold the other party to the contract made by the agent." 2 C. J. 873, § 555. And "the rule that an undisclosed principal may maintain an action on a contract made by an agent in his name alone, on proof that in making the contract the agent was acting for the principal, is not varied by the fact that such contract was in writing." 2 C. J. 876, § 559.

### III.

[2] The general rule is that the fruits and produce of a thing belong to the owner thereof. R. C. C. arts. 498, 501. It is an exception to this general rule that the fruits and revenues of the wife's separate property, whilst under the administration of the husband, belong to the community.

We do not think that this is a case of separate property of the wife under "the administration" of her husband. Such a case is presented only when the husband, with the consent of the wife, uses the separate estate of the wife *for his own benefit* or that of the community. It is not presented when the husband acts merely as the agent of his wife and *for her benefit*. Cf. Miller v. Handy, 33 La. Ann. 160, 164. So that the question is not so much by whom the property was physically managed as *for whose benefit* was it so managed.

### IV.

[3] And where both husband and wife declare that the property was leased for the sole benefit of the wife (the wife by claiming the rents as her own and the husband by joining her and testifying that he acted only as her agent), we do not think it lies in the mouth of this defendant (who has occupied the premises undisturbed and who is herein sued upon negotiable promissory notes given for the rent and payable to the holder thereof) to assert the contrary and thereby defeat a claim which he admittedly owes to the one or the other and which would be fully discharged by a payment made herein.

### Decree.

The judgment of the Court of Appeal and of the district court is therefore reversed and set aside, and it is now ordered that plaintiff, Mrs. Albert L. Paul, do have judgment against defendant, John B. G. Arnoult, for the full sum of $350, with 8 per cent. per annum from March 31, 1923, until paid, and 10 per cent. attorney's fees upon the whole. It is further ordered that the writ of provisional seizure herein issued be maintained and plaintiff's lien and privilege as lessor be recognized upon the property herein seized. It is further ordered that defendant pay all costs.