OVERTON, Justice.
 

 Henry Howell died on February 11, 1930, testate. A final account was filed in his succession in July of the same year. Mrs. Julia T. Charlton, who claimed to be a creditor of the succession in the sum of $10,000, was not carried by the executors on the account. Mrs. Charlton therefore filed an opposition to the account. The opposition was dismissed on an exception of no cause or right of action.
 

 According to the allegations of Mrs. Charlton’s opposition, the deceased was engaged almost entirely in the lending of money, and
 
 *279
 
 carried from three to five hundred accounts on his books. Mrs. Charlton, according to the opposition, entered the service of the deceased in the spring of 1919, in a secretarial and clerical capacity, it being among her duties to make a list of the debtors of the deceased, together with the amounts due and the dates of maturity. Her compensation, it is alleged, was $5 a day. This employment, the opposition sets forth, continued until the fall of 1920, when the deceased told Mrs. Charlton that she performed her work with such satisfaction that he thought she would be a success in the business of lending money, and proposed that, instead of paying her a salary of $5 a day, he would engage her services for a period of ten years, for a consideration of $10,000 for the term, and that, at the end of that time, he would retire from business and she could succeed him; This proposition, Mrs. Charlton alleges, she accepted, and that from that time until the death of deceased, on February 11, 1930, she worked constantly for the deceased, devoting from two to three afternoons a week to the kind of work that she had previously done, and to other clerical and secretarial work. Mrs. Charlton’s opposition shows that during this period, amounting almost to ten years, she drew no part of her salary, and that the executors of the estate of deceased refuse to pay her. She also alleges that, if she is not entitled to recover on a contract, she is entitled to recover on a quantum meruit. Her opposition also sets forth that her employment was a business, throughout its term, separate from her husband’s business, which was, and still is, that of an architect, and that the claim is therefore her separate property. She is joined in the opposition by her husband for the purpose of aiding and authorizing her to prosecute the suit.
 

 The exception of no cause or right of action was sustained on the ground that the allegations of fact contained in it show that the claim is not the separate property of Mrs. Charlton, but belongs to the community existing between her and her husband, for which the husband must sue, he being the head and master of the community.
 

 The trial court was correct in so ruling. The presumption is that all property acquired during marriage in the name of either spouse, whether corporeal or incorporeal, is community property. The allegations of fact, contained in the opposition of Mrs. Charlton, negative the conclusion of law, alleged by her, that the claim, declared upon, is her paraphernal property. The reason why this is so is that the facts alleged show that the amount sued for, although earned in an occupation separate from that of the husband, was earned while the husband and wife were living together. We have before us a case, namely, the case of Mrs. Rhene Swart Houghton V. A. Y. Hall et al., 177 La. 237, 148 So. 37, our No. 31445, the opinion in which is this day handed down; where a question, identical with the present question, was considered with the aid of the briefs and arguments in that case and in the present case, and it was there held that the wife’s earnings, arising dui'ing the marriage, when she and her hxxsband w;ere living together, were community property, and not separate -property. Necessarily, the same principle is applicable here.
 

 However, plaintiff urges that it is not important in this instance whether her claim is
 
 *281
 
 separate or community property, because her husband, Charles H.. Charlton, has joined her in the opposition for the purpose of aiding and authorizing her to prosecute it. At present, a married woman, unless she be under the age of eighteen years, which is not the case here, may sue and be sued without the authorization of her husband or of the judge. Act No. 283 of 1928. Such was the law when the present opposition was filed. However, whether the authorization of the husband or of the judge is necessary for the wife to sue is of no particular importance here. The claim being in fact community property, though erroneously alleged to be the wife’s separate property, the question is, t does the joinder of the husband, who is the head and master of the community, to aid and authorize his wife, and who should bring all suits for the community, suffice to enable her to maintain the opposition?
 

 In the case of Mitchell v. Dixie Ice Co., 157 La. 383, 102 So. 497, 498, rendered on December 1, 1924, in a suit by the wife for damages to real estate, belonging to the community, and for personal discomfort and peril, handed down after the adoption of Act No. 94 of 1916'and the adoption of Act No. 244 of 1918, amendatory thereof, relating to the capacity of married women to bind themselves and to sue and be sued, the court said:
 

 “In suits for damages for injuries suffered by the community, this court has never held that the mere assent of the husband is sufficient, or that the wife alone can judicially vindicate the rights of the community. There is a uniform and unbroken line of decisions to the contrary, all holding that in suits of this character the wife is not competent to stand in judgment, and that the suit must be brought in the name of the husband.
 

 The 'cases of Harkness v. Louisiana & Northwestern Railroad, 110 La. 822, 34 So. 791, and Paul v. Arnoult, 164 La. 841, 114 So. 706, cited by opponent, are not controlling here. The Harkness Case applies to an exceptional state of facts, not¡ present here. Besides the question as to the right, in that ease, of the husband to sue on what was in reality the claim of the wife, was not raised in the trial court, but was raised in the Court of Appeal for the first time, and this without filing, as was required, a formal assignment of errors. The Paul Case is not controlling here, or, more properly, not pertinent, because the court there found that the claim, sued upon, was the paraphernal claim of the wife, arising from her separate property, under her own administration. Besides, though the decision is not dependent thereon, both the husband and the wife declared that the property, out of which the claim arose, was the separate property of the wife, and the defendant accepted the declaration and after receiving the benefits to be derived, attempted to defeat the suit by denying that the property and the claim were the wife’s separate property, and this the court would not permit the defendant to do, saying that a payment to either would discharge the claim, which was admittedly due.
 

 We are inclined to the view that Act No. 283 of 1928, relative to the emancipation of married women, should not be given the effect of enabling a wife to sue upon a debt supposedly paraphernal, though really belonging to the community, upon the simple
 
 *283
 
 authorization of the husband to sue. The husband, as head and master of the community, should institute suits for the community. This, at the time of the adoption of the act of 1928, was the law, and the act itself, in its closing section, provides “that nothing herein contained shall modify or affect the laws relating to the matrimonial community of acquets and gains.”
 

 The exception of no cause or right of action was the proper exception to file to raise the question on the face of the petition as to whether the claim, declared upon, was opponent’s property, and if not, as to her right to sue upon it. The exception goes directly to opponent’s right to recover upon the face of the papers, and is a peremptory exception, the basis of which is not properly a lack of capacity in opponent to sue, but of her right to recover in any capacity.
 

 It is of no particular moment that, in the exception of no cause or right of action filed below, the pleader undertook to state the reasons upon which the exception was based, and failed to state the particular one upon which the trial court, after argument on that point, sustained the exception. Apart from the reasons or grounds expressly stated, the exception put at issue, by the mere declaration that no cause or right of action was disclosed, the right of opponent to recover upon any ground, assigned or not, arising from the face of her petition. Moreover, a second exception of no cause or right of action, couched in the usual terms, was filed in.this court.
 

 The judgment, which was one sustaining the exception of no cause of action and dismissing the opposition, is affirmed.
 

 ODOM, J., dissents from that part of the opinion in so far as it interprets article 2334 of the Civil Code.