### KEAN'S, Inc., v. WILLOUGHBY.
### No. 1147.

Court of Appeal of Louisiana, First Circuit.
June 30, 1933.

H. M. English, of Baton Rouge, for appellant.

Laycock & Moyse, of Baton Rouge, for appellee.

LE BLANC, Judge.

The defendant in this case, Harold D. Willoughby, was formerly employed by the plaintiff, Kean's, Incorporated, engaged in the laundry and dry cleaning business in and around the city of Baton Rouge. His work consisted in operating one of the plaintiff's trucks and in collecting for all work delivered by him. The parties entered into a written contract of employment executed before a notary public in the parish of East Baton Rouge, on June 11, 1928. The contract was for a period of one year, with a stipulation to the effect that, thirty days before its expiration, each party should give the other notice in writing as to any intention to renew the same, and providing further that, if such notice was not given, the contract stood renewed for one year. Another provision of the contract was that the employer was not to discharge the employee during the term of the employment except for violation of its terms, or for failure to account, or for other good, sufficient, and legal cause. By its terms, also, the employee, who is the defendant in this case, bound himself not to obtain employment of a similar character with any other laundry or dry cleaning concern in the city of Baton Rouge, or within ten miles of said city, during the term of the contract, or for a period of one year after its termination. In the event he violated this clause, the employer was given the right, under the contract, to enjoin him by legal proceedings.

The contract was renewed from year to year until the year 1932. On May 7, 1932, plaintiff, in accordance with its terms, served a written notice on the defendant that the contract would expire on June 11, following, and that it did not intend to renew it; consequently his services would no longer be required after that date.

In its petition filed herein, plaintiff alleges that the defendant did, beginning June 13, 1932, secure employment with Peerless Cleaners & Dyers, Incorporated, a competing laundry and dry cleaning establishment, in active violation of his agreement, and has been diverting and taking business away from it. It therefore asks for an injunction to restrain him from engaging further in said employment and in taking its business away from it, all as per the provisions of its contract, and obtained, pending the hearing of the rule for injunction, a temporary restraining order upon furnishing bond fixed by the court.

In answer to the rule for injunction, defendant filed an exception of no cause of action based on the ground that the contract on which the plaintiff stands is null and void because it contains a potestative condition, that the restrictive employment clause therein is without serious or lawful consideration, and that it is against public policy.

As a result of the trial of the rule for injunction, the lower court rendered judgment on July 12, 1932, overruling the exception and granting the injunction as prayed for. Following the prayer of plaintiff's petition, the judgment expressly limits the period of the injunction to June 11, 1933, which com-

pletes the year following the termination of the contract.

An appeal was immediately taken to this court by the defendant, and the same perfected on September 14, 1932. For some reason which does not appear in the record, argument of the case was twice postponed, and it was not submitted until a few weeks ago. When we came to consider it in the regular order in which cases are presented and taken up, we found that the time limit placed on the injunction has now expired, and that it is no longer in effect. As a matter of fact, the entire contract period as well as the injunctive period thereunder have both passed on, and the rights of the parties could no longer be affected by any decision we might render in the case. Plainly, were we to decide the case under the circumstances which now present themselves, we would be deciding a moot question, and the general rule is that courts will not decide moot or abstract questions of law.

For the reasons stated we deem it proper to dismiss the appeal, and it is therefore ordered, adjudged, and decreed that the appeal in this case be, and the same is hereby, dismissed at the appellant's costs.