## RICHE v. ASCENSION PARISH SCHOOL BOARD.

### No. 2193.

Court of Appeal of Louisiana. First Circuit.

March 4, 1941.

C. A. Blanchard, of Donaldsonville, for appellant.

Aubert L. Talbot, of Napoleonville, and Blum & LeBlanc, of Donaldsonville, for appellee.

JOSEPH A. LORET, Judge ad hoc.

This is a suit by Mrs. Catholine Riche, wife of W. J. Acosta, against the Ascension Parish School Board to be reinstated as a school teacher in the Parish of Ascension for the 1939–1940 session, or in the alternative for a balance of salary from her alleged discharge to the end of that session amounting to $643.70.

The pertinent allegations of her original petition are that during August, 1939 she was orally employed by the Board acting through Larry J. Babin, Superintendent of Education for the Parish, as a school teacher for that session at a salary of $85 per month; that subsequently the Board ratified her employment, and she taught one month, one week and one day for which she was paid; and that then Mr. Babin discharged her without lawful cause and without hearing.

The defendant Board filed exceptions of no right and no cause of action to the original petition.

Mrs. Riche, the plaintiff, then filed a supplemental and amended petition, the allegations of which are as follows:

"1. That in the third article of the original petition it was alleged that the contract was an oral one; and that in view of the exception of No Right or Cause of Action herein filed, petitioner desires to amend her petition to show the exact circumstances under which the contract was executed, same being as follows, to-wit:

"That some time prior to the opening of the 1939 school session the exact date of which your petitioner does not remember, she appeared before Larry J. Babin and orally discussed with him her appointment to a position as school teacher in the Parish of Ascension; that she then filled the form presented to her by said Larry J. Babin and which is now in his possession; that the said Larry J. Babin then advised your petitioner orally that she was selected as a school teacher, subject to the ratification of the school board; and that she would be advised when to report for duty; that on or about August 21st, 1939, your petitioner was notified through a circular letter from the said Larry J. Babin to report for duty on September 2nd, 1939, at 9:00 at the Donaldsonville Elementary School, which your petitioner did, and immediately began to render services, a copy of said letter being hereto attached and made part hereof, and for indentification marked Exhibit 'A'.

"2. That petitioner further shows that she inquired from other teachers and from Larry J. Babin himself, and was advised that the school board of Ascension Parish had no written contracts; that petitioner

shows that she is advised that all of the teachers in the Parish of Ascension are similarly employed.

"3. That petitioner further shows that she is therefore of the opinion that the contract was oral, but that she has set out all of the facts appertaining to the same.

"4. That petitioner further shows that the said Ascension Parish School Board and the said Larry J. Babin are now estopped and precluded from questioning the formality and/or legality of petitioner's employment, in view of the fact that this is the only class of contract which the said school board operates under, and that they permitted your petitioner to execute part of the said contract and paid her for a part, all of which would be in violation of the law and would be permitting the said school board and the said Larry J. Babin to avail themselves of their own violation of the law in order to escape liability."

The letter referred to as Exhibit "A" and annexed reads as follows:

"Donaldsonville, Louisiana
"August 21, 1939
"Dear Teacher:
"This is to notify you that the Burnside and Donaldsonville Schools will open on September 4, 1939.

"Please report for a meeting on Saturday morning, September 2, 1939, at nine o'clock at the Donaldsonville Elementary School.

"Trusting that you have had a pleasant summer and are ready for a session of constructive service, I am

"Very truly yours,
"Sgd. Larry J. Babin
"Larry J. Babin,
Superintendent."

Nowhere in the supplemental and amended petition does she allege any formal ratification by the Board of her employment although she had alleged formal ratification in her original petition.

The Board then filed exceptions of no right of action and no cause of action to both the original petition and the supplemental and amended petition.

On October 17, 1940 the District Court rendered judgment sustaining the exceptions of no right of action and no cause of action and dismissing the suit. From that judgment the plaintiff prosecutes this appeal.

As the session of 1939–1940 has long since ended, the prayer of Mrs. Riche's petitions for reinstatement as a teacher for that session presents only a moot question, and courts do not pass upon moot questions. Ruffo v. Marcotte, 161 La. 147, 149, 108 So. 316; Kean's Inc., v. Willoughby, La. App., 1st. Cir., 149 So. 237, 150 So. 40.

Consequently, there can be nothing left to consider except Mrs. Riche's demand for unpaid salary amounting to $643.70.

Mrs. Riche's husband, Mr. Acosta, is not a party to the suit although both petitions show that he is her husband. Articles 2332, 2399, 2400 and 2401 of the Civil Code provide:

"2332 * * *. The partnership, or community of acquets or gains, needs not be stipulated; it exists by operation of law, in all cases where there is no stipulation to the contrary.

"But the parties may modify or limit it; they may even agree that it shall not exist.

*     *     *     *     *     *

"2399 * * *. Every marriage contracted in this State, superinduces of right partnership or community of acquets or gains, if there be no stipulation to the contrary.

"2400. All property acquired in this State by nonresident married persons, whether the title thereto be in the name of either the husband or wife, or in their joint names, shall be subject to the same provisions of law which regulate the community of acquets and gains between citizens of this State.

"2401 * * *. A marriage, contracted out of this State, between persons who afterwards come here to live, is also subjected to community of acquets, with respect to such property as is acquired after their arrival."

In view of the provisions of those articles of the Civil Code, a community of acquets and gains as provided for by law is always presumed to exist between every married couple. Jones v. Vernon Parish School Board, La.App., 1st Cir., 161 So. 357, 359.

There is nothing in either petition in this case to negative the existence of such a community between the plaintiff, Mrs. Riche, and her husband, Mr. Acosta. Therefore, it must be presumed that such a community exists between them.

It is never to be presumed that a husband and wife are living apart, but on the contrary, it is to be presumed that they are living together.

When there is such a community between spouses, the wife's earnings while living with the husband belong to the community. Houghton v. Hall, 177 La. 237, 148 So. 37, 43; Succession of Howell, 177 La. 276, 148 So. 48, 49; Drewett v. Carnahan, La.App., 2nd Cir., 183 So. 103, 107.

Consequently the claim herein for unpaid salary belongs to the community between Mrs. Riche and her husband, Mr. Acosta.

The community is to be regarded as a separate entity from the spouses. Le Rosen v. North Central Texas Oil Co., 169 La. 973, 126 So. 442, 443. Therefore, the wife has no right of action on a claim which belongs to the community. Fournet v. Morgan's L. & T. R. & S. S. Co., 43 La. Ann. 1202, 11 So. 541; Succession of Howell, 177 La. 276, 148 So. 48, 49, supra. The husband, as head and master of the community, should institute and prosecute all suits on community claims. Fournet v. Morgan's L. & T. R. & S. S. Co., 43 La. Ann. 1202, 11 So. 541, supra; Succession of Howell, 177 La. 276, 148 So. 48, 50, supra. Such being the nature of the allegations of Mrs. Riche's petitions, they fail to show that she has a right of action on the salary claim, which is the only demand left in the suit. It is, therefore, our opinion that the exception of no right of action was properly sustained.

Counsel for the appellant argues, however, that the question of whether this claim belonged to Mrs. Riche or to the community between her and her husband has never been raised, because, he says, it should have been raised by an exception of lack of capacity to stand in judgment, which is a dilatory exception. He further argues that the question was never considered in the trial court.

As we have shown, the plaintiff's petitions fail to show that the salary claim sued on belongs to the plaintiff. When the plaintiff's petition fails to show that the claim sued on belongs to the plaintiff, the exception of no right of action is a proper exception by which the defect in the pleadings can be raised. Fournet v. Morgan's L. & T. R. & S. S. Co., 43 Ann. 1202, 11 So. 541, supra; Succession of Howell, 177 La. 276, 148 So. 48, supra. The difference between the exception of no right of action and the exception of lack of capacity to stand in judgment is that the exception of no right of action challenges the plaintiff's ownership of or interest in the claim sued on, while the exception of lack of capacity to stand in judgment challenges the authority of the plaintiff to institute and prosecute the suit regardless of whether the plaintiff owns or has an interest in the claim sued on or not. It may be that if a plaintiff lacks ownership of or interest in the claim sued on, he also lacks capacity to stand in judgment in the suit, and that the defect in the pleadings might be raised by an exception of lack of capacity to stand in judgment, though we do not so hold. But whether the defect could be raised by the latter exception or not, it certainly can be raised by the exception of no right of action. Exceptions of lack of capacity to stand in judgment are usually resorted to, not to question the plaintiff's ownership of or interest in the claim sued on, but where he is alleged to be under some disability, such as minority, interdiction, etc., which prevents him from suing unassisted, or where he sues through an alleged representative, who, it is alleged, has no authority to represent him, such as a tutor who has not been properly appointed or confirmed.

Dilatory exceptions are those which, if sustained, do not destroy the plaintiff's demand as alleged but merely retard the action, while peremptory exceptions are those which, if sustained, destroy the plaintiff's demand as alleged. C. P. Arts. 332 and 343. Certainly, an exception of no right of action is of the latter character. Therefore, an exception of no right of action is a peremptory exception, not a dilatory one.

The exception of no right of action raises every question which has any bearing on whether the plaintiff owns or has an interest in the claim sued on. Succession of Howell, 177 La. 276, 148 So. 48, 50, supra. Certainly, if the plaintiff is a married woman, the question of whether her petition shows that the claim sued on belongs to the community or whether her petition shows that it is her separate property is a question which bears on whether she owns or has an interest in the claim sued on and is properly raised by an exception of no right of action. Succession of Howell, 177 La. 276, 148 So. 48, 50, supra.

The District Court clearly passed on the exception of no right of action, for it sustained that exception. We are

only concerned with whether its judgment in sustaining that exception is correct, not with the soundness of its reasons for doing so. Regardless of what may have been a trial court's reasons for rendering a judgment, if the judgment is correct it should be affirmed on appeal, but if it is incorrect it should be reversed. Kenner v. His Creditors, 8 Mart., N.S., 36, 63; Creevy v. Cummings, 3 La.Ann. 163, 165, 48 Am.Dec. 444; Burton v. Brewer, 7 La.Ann. 620; Seyburn v. Deyris, 25 La.Ann. 483, 486; Nevill v. Parish Democratic Committee, Orleans, 7 La.App. 286, 288; Pitre v. Guidry, La.App. 1st. Cir., 147 So. 767, 769; Chapman v. Hudgins, La.App., 2nd Cir., 153 So. 558, 559. Since, as we have shown, the question of whether the claim sued on belonged to the plaintiff or to the community between her and her husband was raised by the exception of no right of action, this Court may consider it in passing on the District Court's judgment on that exception, even though it was neither argued in nor considered by the District Court.

Since the sustaining of an exception of no right of action results in the dismissal of the suit, we might well not consider the exception of no cause of action. However, we prefer to pass on it too.

In the original petition the plaintiff alleged that while her contract of employment was originally verbal it had been formally ratified by the Board. However, in her supplemental and amended petition she alleged that in view of the first exception of no right or cause of action, she wished to amend her original petition to show the *exact* circumstances under which the contract was executed. She then alleged in the latter petition what she said were the exact circumstances under which the contract was executed. Among those exact circumstances she made no mention of any formal ratification by the Board. This alone negatives the allegation in her original petition to the effect that there was a formal ratification by the Board, and that allegation in her original petition is further negatived by the allegation in the supplemental and amended petition that she is of the opinion that the contract is oral. Therefore, by the supplemental and amended petition she amended her original petition so as to withdraw from her allegations the allegation contained in her original petition to the effect that the Board formally ratified the contract.

Then according to her allegations the alleged contract was made in the following manner: She filled out a form given to her by Mr. Babin, the Superintendent of Education, and gave it back to him. Later he informed her verbally that she was selected as a school teacher, subject to ratification by the Board. Following that she received the above transcribed letter from Mr. Babin.

■ Taking those allegations as true, she certainly cannot be considered as having a written contract with the Board, for her allegations do not show that the Board has ever executed any written contract. Counsel contends, however, that the contract consisted of a written offer and a written acceptance. The form signed by Mrs. Riche and given to Mr. Babin was the written offer and the above-transcribed letter was the written acceptance, counsel says. Certainly, it could not possibly be contended that the Board was a party to the form signed by Mrs. Riche. The letter signed by Mr. Babin does not purport to be from nor authorized by the Board nor does it purport to be the acceptance of any offer. There is no allegation that it was authorized by the Board. Under these circumstances the form signed by Mrs. Riche and the letter signed by Mr. Babin certainly cannot be construed into a written contract between Mrs. Riche and the Board.

The demand for the $643.70 is based upon the contention that Mrs. Riche had a contract to teach for the whole session. As we have shown, according to the allegations of her petitions she did not have any written contract with the Board.

In order to be employed by a parish school board as a teacher for an annual school session, there must be a written contract of employment between the parish school board and the teacher. Act 100 of 1922, Section 49; Lanier v. Catahoula Parish School Board, La.App., 2nd Cir., 154 So. 469, 470.

■ The plaintiff has also pleaded that the defendant Board is estopped to contend that she did not have a contract to teach for the session. There is no merit in this contention. When an alleged contract between a teacher and a parish school board has not been made in the manner required by law, the parish school board cannot be estopped from questioning its legality. Bankston v. Tangipahoa Parish School Board, La.App., 1st. Cir., 190 So. 177, 178.

It is, therefore, our opinion that the exception of no cause of action is also well founded.

For these reasons the judgment of the District Court is affirmed.

LE BLANC, J., recused.