Wenclay Edwards represented by Marion Grinstead, attorney-in-fact, alleging that he is the sole heir of Adeletta Davis, Widow of Arthur Edwards, by reason of a certain act of adoption passed before John Wagner, Notary Public, on the 6th day of October, 1922, seeks, in this proceeding, to be recognized as the sole owner of a piece of real estate which he avers to have been the separate property of Adeletta Davis Edwards.
Mabel Edwards, widow of Jessie Netter, Emily Edwards, wife of Oscar Belton and Irben Edwards, having been cited by Wenclay Edwards, answered and averred that the real estate belonged to the community which heretofore existed between their late father, Arthur Edwards and Adeletta Davis, and that as the children of their father by a prior marriage they are entitled to his share in the community in the proportion of one-sixth to each of them.
By supplemental petition Wenclay Edwards, alleging that Alvin G. Davis, brother of Adeletta Davis, his foster mother, was claiming the property in dispute and that there were other brothers, asked and obtained the appointment of a curator ad hoc to represent the absent heirs in the person of Joseph Bowab, who appeared and submitted the matter "to the discretion of this Honorable Court".
There was judgment below in favor of Wenclay Edwards as prayed for and Mabel Edwards Netter, Emily Edwards Belton and Irben Edwards have appealed.
The undisputed facts are that in the year 1917, Adeletta Davis married Arthur Edwards and by this marriage there was no issue nor did Adeletta have any children by any other marriage (she had been married twice before). Arthur Edwards had three children by a previous marriage and they are the ones contesting the title to this property. On October 6th, 1922, Arthur Edwards and Adeletta Davis adopted Wenclay Edwards, the plaintiff herein. In the same year, which was five years after her marriage to Edwards, Adeletta acquired the real estate in question by act before John C. Wagner, Notary Public, in which there is a declaration to the effect that the property was acquired with the separate and paraphernal funds of Adeletta Davis. In 1927 a simulated transfer of the property was made to Irben Edwards because of the fear entertained by Adeletta that it might be subject to execution. In 1939 it was retransferred by Irben Edwards to Adeletta Davis. The transfer of the property to Irben Edwards and its subsequent return to Adeletta Davis is of no importance for no one claims any right or interest resulting from that transaction.
[1] The question for determination is whether the property is paraphernal or community. Having been acquired during the existence of the community it is presumed to be community property. Houghton v. Hall et al., 177 La. 237, 148 So. 37, 39.
[2] The fact that there is a declaration in the transfer to the effect that the property was acquired by paraphernal funds is immaterial. *Page 643 
"The wife, and those claiming through or from her, to overcome the presumption in favor of the community, must establish three crucial facts, namely:
"(1) The paraphernality of the funds; (2) the administration thereof separately and apart from her husband; and (3) investment by her. Stauffer, Macready Company v. Morgan, 39 La. Ann. 632, 2 So. 98." Houghton v. Hall, et al., supra.
See, also, Succession of Howell, 177 La. 276, 148 So. 48 and Lotz, et al. v. Citizens Bank Trust Company et al., La. App. First Circuit, 17 So.2d 463, 466.
We find in the record testimony by Mabel Edwards Netter, Emily Edwards Belton and Irben Edwards to the effect that the property was bought with funds supplied by Adeletta Davis and their father, Arthur Edwards, as a result of their joint efforts. Adeletta Davis was a midwife.
Counsel for Wenclay Edwards mainly rely upon the declaration in the act of sale signed by Edwards which they claim to be prima facie proof of the paraphernal character of the property. As we have seen this is insufficient to overcome the presumption that it is community property.
"As we have said, all of the property ever acquired by Mrs. McCormick was acquired by her during her marriage. The presumption therefore is that the moment it was acquired the title to it vested in the community, or in other words that it became the property of the community, existing between the two spouses — and this, no matter in whose name the acquisitions were made — whether in the name of the husband or in the name of the wife. Civil Code, art. 2402. Such being the presumption, those who assert that property so acquired is the separate property of one of the spouses must establish it. Huntington, Administrator, v. Legros, 18 La. Ann. 126; Cosgrove v. His Creditors, 41 La. Ann. 274, 6 So. 585. This presumption is not overcome by the declaration of the spouses in a deed to the wife that the latter is purchasing with her own separate and paraphernal. funds, under her separate administration. Shaw v. Hill, 20 La. Ann. 531, 96 Am.Dec. 420; Gogreve v. Dehon, 41 La. Ann. 244, 6 So. 31."
[3, 4] Our conclusion is that the property belonged to the community existing between Arthur Edwards and Adeletta Davis and that, therefore, it belongs jointly to Wenclay Edwards and Mabel Edwards Netter, Emily Edwards Belton and Irben Edwards. Under Article 913 of the Revised Civil Code the German brothers and sisters participate in both lines, the paternal and maternal, consequently, Wenclay Edwards as an heir of his foster parent, Arthur Edwards, would inherit one-fourth of one-half of the community or one-eighth plus his foster mother's one-half interest or a total of five-eighths of the entire community. The other three, children of Arthur Edwards, would each inherit one-eighth.
For the reasons assigned the judgment appealed from is reversed and it is now ordered that Wenclay Edwards be recognized as the owner of an undivided five-eighths interest and Mabel Edwards, widow of Jessie Nettie, Emily Edwards, wife of Oscar Belton and Irben Edwards be recognized as the owner of an undivided one-eighth interest each in the following described property:
"A certain lot, with the buildings and improvements thereon, rights, ways, privileges and servitudes thereunto belonging or in anywise appertaining, situated in the First District of New Orleans, in Square 476, bounded by Poydras, Bolivar, LaFayette and Bertrand Streets, designated by the No. 8, as per plan drawn by Grim and Castaing, surveyors, dated June 18, 1850, and deposited in the office of A. Barnett, Notary; said lot measuring in English measure, 28 feet, two inches front on Poydras Street, and extending in depth one hundred feet, between parallel lines.
"Improvements bear the municipal No. 1948 Poydras Street.
"Being the same property acquired by Act before John Wagner, Notary, dated June 10th, 1939, and registered C.O.B. 507, Folio 192."
All costs to be borne by Wenclay Edwards, plaintiff and appellee.
Reversed. *Page 644