HAWTPIORNE, Justice.
Relator in this court, John D. Smiley, doing business as Smiley’s Meat Market, was named defendant in a suit instituted in the City Court of the City of Baton Rouge, Division “A”, by Ronald J. Couvillion and Glyn T. Finch, who sought damages for an alleged violation of a building agreement. After trial plaintiffs’ suit was dismissed at their costs. The judgment additionally provided that “Lionel Flotte [a witness for the defendant] be, and he is hereby awarded expert witness fees in the amount of ONE HUNDRED AND NO/100 ($100.00) DOLLARS, the same to be taxed as costs herein”.
For the purpose of satisfying the judgment awarding costs, the defendant Smiley caused a writ of fieri facias to issue. In connection with this writ an employer of the plaintiff Couvillion was made garnishee, *282 and in due course the garnishee was ordered to pay 20 per cent of Couvillion’s wages until the judgment for costs was satisfied. Couvillion, one of the plaintiffs in the original suit, then instituted a rule in which he sought to have the writ of fieri facias and the garnishment recalled and set aside on the ground that there was no judgment in favor of Smiley executory in form which would support the issuance of the writ. After answer and a cross-rule were filed by Smiley, the matter came on for hearing, and the city court rendered judgment ordering, among other things, that the writ of fieri facias and the garnishment he recalled and ■set aside. From this judgment Smiley, defendant in the original suit, appealed to the ■Court of Appeal, First Circuit, and that court affirmed. See 194 So.2d 106. On application of Smiley this court granted a writ of certiorari.
The Court of Appeal in the course of its •opinion stated: “There is no question but what the original judgment should and did in this case tax the costs against the party •cast. However, in addition to that it fixed the fee of the expert witness and awarded Mm judgment for it. This matter is not before us on this point but it does seem to us the original judgment should have merely fixed the fee for the witness and not state in the judgment that it should be awarded to the expert witness as he was not a party to ■the suit, and we do not see how he could execute under' this judgment.” (Italics ours.) The Court of Appeal, then, was evidently of the view that this judgment was not executory in form; but it is not necessary for us to express any view on the merits of this case since the matter is now moot.
At the hearing on the rule, which resulted in the judgment recalling the writ of fieri facias and the garnishment issued pursuant thereto, the attorney for Couvillion, plaintiff in rule, agreed, as shown by the minutes of court, that Couvillion would pay all costs of the original suit, reserving his rights against Finch, co-plaintiff in the original suit; and counsel for Smiley admits and concedes in this court that all costs of the original suit were paid in full after the rule was tried in the lower court. Therefore, because relator has been paid in full his judgment for costs, there is no longer a justiciable issue, and his argument to this court on the merits of the controversy regarding recovery of these costs amounts to a request for an advisory opinion, which we will not render. In a similar case, Ruffo v. Marcotte (Maloney, Garnishee), 161 La. 147, 108 So. 316, where the judgment debt was paid pending appeal of a dispute between the judgment creditor and the garnish ee, this court said:
“When [the judgment debtor] satisfied the judgment in full, the controversy ended. There was no longer any justiciable issue. *284 There was no longer any interested plaintiff.
“ * * *
“Courts do not sit to decide moot and abstract propositions, either of law or of fact, but only actual controversies at issue between interested parties.”
Accordingly the writ of certiorari heretofore issued is' recalled at relator’s costs.