MILLER, Judge.
In compliance with the provisions of LSA-R.S. 18:307, subd. C and 364, subd. E requiring disposition of cases of this character within twenty-four hours after submission, we announced our decision following oral argument and conference by the judges. We held that plaintiffs’ petition stated a cause and right of action and that plaintiffs have the procedural capacity to contest the action of the Oberlin Municipal Democratic Executive Committee in disqualifying them from the November 6th democratic primary election to fill two vacancies for the positions of Aldermen of the Town of Oberlin. The trial court decree sustaining the exceptions was reversed and the case was remanded for further proceedings. The following reasons are assigned for the decision.
Plaintiffs Eli Bradley and Thompson Berry qualified as candidates for the democratic nomination for the offices of Aider-men for the Town of Oberlin. The election was to be a special primary election called for November 6, 1971 by the Oberlin Municipal Democratic Executive Committee.
Defendants Linus Manuel and John C. Durio timely contested the qualifications of both plaintiffs acting under the provisions of LSA-R.S. 18:307. This was filed as an “Objection to Candidacy” with the Oberlin Municipal Democratic Executive Committee, and concluded with a prayer that the Committee convene and after hearing of evidence declare that plaintiffs be disqualified from becoming candidates for the democratic nomination of the offices of Aldermen for the Town of Oberlin. Additionally they prayed that the Committee recall the primary election set for November 6, insofar as it related to the two vacancies for Aldermen, and the alleged basis that the calls were invalid and null.
On August 26, 1971, a hearing was had before the Committee. They set aside the call for the November 6 election of the vacancies for the two Aldermen, and ruled that all four persons who qualified “whose names were submitted as proposed candidates for the primary to be held on November 6, 1971, be and are hereby removed as nominees.” On August 27, 1971, this suit was filed in the Thirty-third Judicial District Court for Allen Parish.
On September 14, 1971, the trial court signed a judgment sustaining defendants’ exceptions of no cause or right of action and lack of procedural capacity. The appeal was timely perfected and the record was lodged with this court on September 20.
According to plaintiffs’ allegations which are accepted as true for the purposes of these exceptions (no other evidence having been introduced), vacancies for the offices of Mayor and one Alderman had existed since March of 1971. Both offices were filled by appointment of the governing authority of the municipality as permitted by Louisiana Constitution Article 7, Section 69, subd. A(3).
There was a vacancy in a second Alderman’s position which occurred on July 4, 1971. This vacancy would have been in existence for more than six months by the time the February 1971 State general elections are held. Under these allegations all three vacancies would be filled with “a special election * * * without the necessity of a call by the Governor, to coincide with the next scheduled election * Louisiana Constitution Article 7, Section 69, subd. C.
*528 On August 10, 1971, the Committee met under the authority of Louisiana Constitution Article 7, Section 69 and LSA-R.S. 18:305. They issued a call to select democratic nominees to fill the vacancies of Mayor and one Alderman. At that meeting, November 6, 1971 was set as the primary election date and August 21 at 5:00 p. m. was set as the final day and hour at which candidates could qualify for the democratic nomination to those offices.
On August 17, 1971, pursuant to the cited provisions, the Committee met again and called an election to fill the additional Alderman vacancy created in July 1971. The election and qualification dates were set at November 6 and 5 p. m. August 21, respectively.
Plaintiffs and the named defendants all timely qualified for the Aldermen vacancies. On August 24, 1971, defendants filed an “Objection to Candidacy” with the Committee contesting the qualifications of both plaintiffs. Within 48 hours, plaintiffs answered this objection as required under LSA-R.S. 18:307.
On August 26, 1971, the Committee met and after hearing the parties, decided that there was to be no election for the two positions of Aldermen because their previous calls were invalid. They did not set aside the primary election for Mayor which was part and parcel of their August 10th call for the November 6 democratic primary. There was no reason assigned for this declaration by the Oberlin Municipal Democratic Executive Committee that “the call of the primary to select Democratic nominees for the offices of Councilmen or Board of Aldermen for the Town of Oberlin, Louisiana made by this committee on August 10, 1971 and again on August 17, 1971 were invalid.”
Plaintiffs alleged and for purposes of these exceptions it is accepted as proved that “all legal pre-requisites for the calling of the primary had been complied with in regards to the vacancies of the two (2) aldermen * *
To recapitulate, the Mayor and two members of the Oberlin Board of Aldermen are presently serving as appointees of the Oberlin governing authority. Each is appointed “until a successor is duly elected and qualified”. Louisiana Constitution Article 7, Section 69, subd. C. The special election SHALL be held, without the necessity of a call by the Governor, to coincide with the next scheduled election to be held. Louisiana Constitution Article 7, Section 69, subd. C. The Committee called the democratic primary election for all three offices. Plaintiffs qualified for two of the offices. Their qualifications were challenged and they contested the challenge. At the Committee hearing, the Committee declared that the November 6th democratic primary for the nomination of the democratic candidates for two Aldermen was invalidly called. No reason was assigned to support this conclusion. The call for the democratic primary election for Mayor was not set aside. For purposes of these exceptions, it is admitted that the election for the two Aldermen vacancies was validly called.
Defendants appellees contend that plaintiffs do not have the procedural capacity to proceed under LSA-R.S. 18:307. Additionally, it is contended that plaintiffs do not have a right of action and a cause of action under this statute. Defendants argue that LSA-R.S. 18:307 applies only where there is an objection to the candidacy of a party and that since plaintiffs are not objecting to the candidacy of any other party, they have no remedy under this section.
We find no merit to this argument. Plaintiffs have appealed their own disqualification. LSA-R.S. 18:307, subd. C provides among other things that the Committee’s decision is subject to appeal. “Each party may appeal to any court of competent jurisdiction for relief.” The Committee meeting at which the primary election was set aside (insofar as the two Aldermen vacancies were concerned) was called as a result of defendants’ objections to plaintiffs’ qualifications. The decision of the *529 Committee effectively eliminated plaintiffs as candidates for vacancies in a primary election which the Committee was constitutionally mandated to call. Louisiana Constitution Article 7, Section 69, subd. C. According to plaintiffs’ allegations, the November 6th democratic primary for the two Aldermen vacancies was validly called. The effect of the Committee’s decision is to reject plaintiffs’ qualifications for office and no reason has been assigned for the disqualifications. Plaintiffs are entitled to have this decision reviewed under LSA-R.S. 18:307, subd. C.
Defendants argue that plaintiffs are attempting to compel the Committee to call an election and since plaintiffs did not petition for a writ of mandamus, the exceptions should be sustained.
This is an attractive argument until it is noted 1) that insofar as these exceptions are concerned it is admitted that the November 6th democratic primary election for the two Aldermen vacancies was properly called, 2) that the Mayor’s primary set for the same date and in the same call was not set aside, and 3) that the Committee gave no reason for the unsupported statement that the election call was invalid.
As we view the case, plaintiffs are not seeking to compel the Committee to call an election. They seek to prevent the Committee from setting aside an election which the allegations state was properly called. Plaintiffs contend and we agree that the Committee does not have the right to set aside a valid call for the November 6th democratic primary election of two Aider-men without legal cause. Defendants have not cited statutory authority or jurisprudence which allows the Committee to set aside a validly called democratic primary. We conclude that plaintiffs have stated a cause of action.
LeSage v. Union Producing Co., 249 La. 42, 184 So.2d 727 (1966) cites the principle of law that “the objection of no right of action raises the question of whether plaintiff has an interest in the subject matter of the litigation.”
These declared and (so far as this record indicates) qualified candidates in this special election called in accordance with Louisiana Constitution Article 7, Section 69, subd. C, find themselves suddenly disqualified without reason because the election has been called off. There is no statutory authority or jurisprudence to support this Committee action. We find that plaintiffs have an interest in the subject matter of the litigation.
The Exception of Lack of Procedural Capacity is usually resorted to not to question plaintiffs’ interest in the claim sued on, but wherein he is alleged to be under some disability, such as minority, interdiction, etc., which prevents him from suing unassisted, or where he sues through an alleged representative, who, it is alleged, has no authority to represent him. Riche v. Ascension Parish School Board, 200 So. 681 (La.App. 1 Cir.1941). Here there exists no such legal incapacity and plaintiffs are qualified to pursue the matter unassisted and to “stand in judgment”.
The case is remanded to the trial court to take evidence on and decide the merits of this case. Costs in the trial court and on this appeal are to be assessed at the conclusion of this litigation.
Reversed and remanded.