### B. B. SMITH v. THE MAYOR AND TRUSTEES OF SHREVEPORT.

There is a tacit obligation by the party to a suit who summons a witness, to pay his legal fees. But a witness cannot maintain an action for his fees against a party who did not summon him, merely because such party was cast.
C. P. 472, 551.

APPEAL from the District Court of Caddo, *Spofford*, J.
   *Powell & Hodge*, for plaintiff and appellant.    *Nutt & Crain* and *Sam. Ford*, for defendant.

BUCHANAN, J.    This is a suit instituted upon a number of Clerk's certificates of compensation due to witnesses for attendance in court.   Some of those certificates were made in favor of the plaintiff, and others in favor of persons of the name of *Holmes* and *Hogue*, of whom the plaintiff is assignee.   The petitioner alleges that he and the other two persons named, were witnesses in certain suits to which the Mayor and Trustees of Shreveport were parties; that they were summoned in said suits at the instance of the Mayor and Trustees; that the suits have been decided, and the defendants are liable to pay the costs of the same.

The answer is a general denial.   The allegation that the defendants in this action caused the plaintiff to be summoned as a witness in the suits mentioned in his petition, is disproved by the evidence.   But it is urged, that the present defendants, who were plaintiffs in the suits in which plaintiff was a witness, were cast in those suits; and therefore are liable to pay the attendance and mileage of all witnesses in those suits.   This proposition might be admitted, and still this action not be maintainable.   For the liability of the party cast in the suit, is a liability to pay the costs of the suit, and extends to the mileage and per diem of witnesses, as part of the taxed costs.   C. P. 472.   But costs being incidental and accessory to the judgment, (12 Rob., 194; 17th La., 269; 9 Rob., 17,) must be enforced in like manner as the judgment; that is to say, by writ of fi. fa., issued at the instance of the party who controls the judgment, or of the officers of court in cases provided by law.   The mode here adopted, of engrafting one suit upon another, and of making the incidents of one judgment the fruitful parents of new judgments, seems opposed to correct legal principles, and in practice, would be ruinously onerous to suitors. We do not wish these remarks to be understood as restrictive of the recourse of persons situated like the plaintiff, against him who has summoned them into court as witnesses.   As to such party litigant, there is a tacit obligation to pay

SMITH
*v*
SHREVEPORT.

the legal fees of those whom he has summoned. In fact the law presumes that he *does* pay them, for if he casts his adversary in the suit, he, and not the witness, gets a judgment for his costs.   C. P. 551.

The Mayor and Trustees of Shreveport never incurred any legal obligation towards these witnesses. There is no privity of contract between them. The plaintiff must look for his indemnity to the party at whose instance he was summoned, just as the latter would have looked to him for his damages, had the witness refused to answer questions propounded to him.

Judgment affirmed, with costs.