REID, Judge.
Plaintiffs, Ronald J. Couvillion and Glyn T. Finch, originally brought suit against John D. Smiley, d/b/a Smiley’s Meat Market No. A-5730 on the docket of the City Court of Baton Rouge for damages for violation of an alleged building agreement. The case was duly tried and on January IS, 1964 the City Court rendered and signed a judgment rejecting plaintiffs’ demand and dismissing plaintiffs’ suit at their costs. The judgment further decreed that “Lionel Flotte be and he is hereby awarded expert witness fees in the amount of $100.00 the same to be taxed as costs herein.”
On June IS, 1965 defendant Smiley caused the Clerk of the City Court of Baton Rouge to issue a writ of fieri facias for the sole purpose of satisfying all costs of Court. The Arkel Engineering Corpora *107 tion, employer 'of Couvillion was made garnishee. The garnishee responded to the interrogatories propounded by Smiley and on July 23, 1965 the City Court of Baton Rouge rendered judgment ordering the garnishee to deduct and forward to the Constable of the City Court of Baton Rouge 20% of Couvillion’s wages until the judgment of that Court was satisfied.
Subsequent thereto on August 16, 1965 plaintiffs filed a rule to have the writ of fieri facias and the garnishment recalled and set aside on the grounds that there, was no judgment in favor of Smiley executory in form which would support the issuance of a writ of fieri facias.
This rule was made returnable on August 31, 1965.
Subsequent thereto on October 5, 1965 Smiley filed an answer to the rule and a cross rule setting forth that the original judgment rendered herein taxed the plaintiffs for all costs and fees, including expert witness fees and asked for a rule against Couvillion to show cause why the rule should not be rejected and dismissed at his costs, and that the writ of fieri facias issued in the garnishment petition filed thereunder should not remain in full force and effect.
The Lower Court on November 16, 1965 further ruled and rendered a judgment taxing all costs of the original action in the amount of $174.00 to be paid by Lionel J. Couvillion subject to his right to recover one-half of this amount from the co-plaintiff, Glyn T. Finch. The judgment further ordered the writ of fieri facias and garnishment issued pursuant thereto be recalled and set aside, and the Constable of the City Court of the City of Baton Rouge be ordered to pay over without deductions of any kind all funds held in his office under the said garnishment, and that the defendant in rule, Smiley, be ordered to bear all costs in connection with the filing of said garnishment. From this judgment the original defendant, Smiley, has appealed ■devolutively to this Court.
LCCP Article 1920 provides for the payment of costs in the following words, to-wit:
“Unless a judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party,, as it may consider equitable.”
The Clerk of the City Court did not require any security for costs, although he is privileged to under the law. LSA-R.S. 13:843 provides as follows:
“The clerks of court may demand security for costs at the time the suit is filed.
After any cost advance furnished under R.S. 13:842 has been exhausted, all accrued costs shall be paid by the party primarily responsible therefor, or by the surety on any bond for costs furnished by him, upon receipt of the clerk’s demand for payment thereof supported by an itemized account of these accrued costs approved by the judge. If these accrued costs are not paid within ten days of the demand for payment, judgment therefor may be rendered against the party, and against the surety on any cost bond furnished by him, by rule returnable not less than two judicial days from the date of the service upon the defendants in rule.”
There is no question but what the original judgment should and did in this case tax the costs against the party cast. However, in addition to that it fixed the fee of the expert witness and awarded him judgment for it. This matter is not before us on this point but it does seem to us the original judgment should have merely fixed the fee for the witness and not state in the judgment that it should be awarded to the expert witness as he was not a party to the suit, and we do not see how he could execute under this judgment.
*108 Most of the eases cited by the appellant either provide for the taxing of costs and provides for a writ of fi. fa. to collect the costs, however, in several of the cases there was a rule to tax and fix the costs and a judgment was rendered accordingly. Had this been done in this case we doubt seriously if this litigation would be before the Court.
We fail to find any case on the issue involved in this suit, that is, can the party who is successful in a suit issue a fi. fa. for the collection of the clerk’s costs and sheriff’s costs in addition to the cost of his expert witness fee, without a rule to tax costs. We do find an opinion by the Attorney General which holds as follows:
“Fees of the witness after judgment can be taxed as costs and payment compelled against the person who is cast in suit, but execution can be issued only by person in whose favor the judgment was rendered, and the witness 'must look to the person summoning him for his fees.”
Opinion Attorney General 1944-46 page 1104.
Appellant Smiley quotes and relies largely upon the old case of Smith v. Mayor and others of Shreveport, 10 La.Ann. 582. This case does hold as follows:
“But costs being incidental and accessory to the judgment ([Zendon [St. Romain] v. Robeson) 12 Rob., 194; [Orleans Navigation Co. v. Municipality No. 2] 17th La. 269; [Mechanics’ & Traders’ Bank of New Orleans v. Andrus] 9 Rob., 17) must be enforced in like manner as the judgment; that is to say, by writ of fi. fa. issued at the instance of the party who controls the judgment, or of the officers of court in cases provided by law. The mode here adopted, of en-grafting one suit upon another, and of making the incidents of one judgment the fruitful parents of new judgments, seems opposed to correct legal principles, and in practice, would be ruinously onerous to suitors. We do not wish these remarks to be understood as restrictive of the recourse of persons situated like the plaintiff, against him who summoned them into court as witnesses. As to such party litigant there is a tacit obligation to pay the legal fees of those whom he summoned. In fact the law presumes that he does pay them, for if he casts his adversary in the suit, he, and not the witness, gets a judgment for his costs. C.P. 551.”
In the Smith case the witnesses themselves brought an action for their fee. The Court held that the defendants who were plaintiffs in the original suit were cast in these suits and therefore were liable to pay the attendance and mileage of all witnesses .in these suits. They further stated that this proposition might be admitted and still this action would not be maintainable. They then proceed to reject the plaintiffs’ demand on the grounds that the Mayor and Trustees of Shreveport never incurred any legal obligation toward these witnesses. There was no privity of contract between them. The plaintiff must look for his- indemnity to the party at whose instance he was summoned, just as the latter would have looked to him for his damages had the witnesses refused to answer questions propounded to by him.
In the absence of any positive law on the subject we believe that the Judge of the Lower Court adopted a fair and equitable method of settling this dispute, that is, by the judgment which he rendered recalling the writ fi. fa. and voiding the garnishment and rendering a judgment fixing the costs and taxing them against Cou-villion reserving to him his right to claim one-half against his co-plaintiff Finch. This seems especially so in view of the fact that the original judgment awarded the expert fee to the witness himself, who was not a party to the suit.
For these reasons we believe the judgment of the Lower Court is correct and is hereby affirmed.
Affirmed