JONES, Judge.
Dan W. Stewart brought a possessory action against Don Wilton Avery and Louie B. Moore on December 2, 1970. Judgment was rendered and signed on April 12, 1973, in favor of plaintiff and casting defendants with costs. The judgment fixed the expert witness fee of Doyle P. Sanders in the amount of $150 and taxed it as cost.
On May 14, 1976 the Clerk of Court filed a Rule against plaintiff Stewart and defendants Avery, et al., seeking payment of accrued court costs, alleging they remained unpaid even though written demand had been made more than ten days prior to filing of the Rule. Costs of the original suit were itemized in the Rule as follows:
Clerk’s fees $ 33.00
Sheriff’s fees 28.50
Court Reporter’s fees 10.00
Doyle Sanders (survey) 150.00
Witness fees 2.00
$223.50
The Clerk acknowledged advance deposits by plaintiff of $118.88, leaving a balance due of $104.62. The Clerk also asked for reasonable attorney’s fees to be fixed by the court and taxed as costs of the Rule. The authority for the Clerk’s action is contained in LSA-R.S. 13:843 [1]. At the trial of the Clerk’s Rule a judgment was rendered against plaintiff, Dan W. Stewart, III for $104.62, the amount of accrued court cost not covered by his prior advance, together with $150 as fee for the Clerk’s attorney and for cost of those proceedings. The trial court upheld exceptions of no cause or right of action and exceptions to service filed by defendants. Stewart appeals. The Clerk has neither appealed nor answered Stewart’s appeal.
Stewart urges it is inequitable to allow a trial judge, not the trial judge of the original case, to compel him to pay costs when defendants Avery and Moore were cast with costs in the original proceeding. Stewart misinterprets the action of the trial court. The defendants in the original proceeding, after being cast for costs, remain ultimately liable for those costs. The issue here is whether plaintiff remains primarily liable to the Clerk for costs accrued during the suit after defendants were cast for costs in a final judgment and, if so, whether the Clerk has established that the element of cost he seeks to collect is of the type for which he is entitled to seek payment.
It has long been established in our jurisprudence that plaintiff is primarily liable for all costs incurred until judgment is rendered and costs are cast. As stated in Crespo v. Viola, 152 La. 1088, 95 So. 256 (1922):
“The plaintiff is therefore primarily bound for the costs in every suit which he brings, and the defendant owes no costs until he is cast. C.P. 549; Fink, Execu *592 tor, v. Martin, 10 Rob. 147 (Bk. 19 Reprint Ann.) and authorities cited in notes. The reason for this rule of law is that the plaintiff is the party provoking the litigation and until he has obtained a judgment against defendant, who is brought into court, not voluntarily, but by the suit, has no right to tax the latter with costs. Plaintiff commences the proceedings requiring the services of the officers of the court, and should therefore pay for them until it has been otherwise decreed. Then, too, the judgment which he obtains carries with it the costs, becomes his property, and having paid the costs, he may recover the same in the execution against defendant.” Id. p. 257.
Under LSA-R.S. 13:843, the Clerk may demand security for court costs, and may demand payment of accrued costs when any cost advance paid by plaintiff, as required by R.S. 13:842, is exhausted. Examples of these costs are sheriff’s fees, witness fees, Clerk’s fees, expert witness fees where the expert is appointed by the Court under LSA-C.C.P. 192, etc.
The provisions of LSA-R.S. 13:843, however, do not apply to all expenses which may possibly be taxed as Court costs in the final judgment. See Romero v. Romero, 232 So.2d 572 (La.App., 3d Cir. 1970). Those costs a defendant might be obliged to pay out prior to final judgment and for which he might be allowed to have taxed as costs against the plaintiff in a final judgment are not those included under this provision. Romero v. Romero, supra. An example of the costs not covered under R.S. 13:843 are fees of expert witnesses, auditors, surveyors or other scientists who defendant might employ in his defense of the suit. Cf. Whitson v. American Ice Company, 164 La. 283, 113 So. 849 (1927).
The casting of defendants with costs in a signed judgment does not operate to relieve the plaintiff from his primary liability to the Clerk of Court for accrued cost. The effect is only to place the ultimate liability upon the party cast, and to allow plaintiff to obtain reimbursement for his cost by execution of his judgment.
This result is essential. The Clerk must have the right to hold plaintiff, even after judgment assessing costs has been rendered, in order to provide maximum assurance that the court costs will be paid. There is always the very real possibility a defendant judgment debtor cast for cost will be insolvent or reluctant to pay (as was the case here). These are risks which must be assumed by the party provoking the lawsuit, and not by the Clerk.
 Further, the right to collect the costs under the terms of the judgment belong to the party in whose favor it was rendered. An expert witness whose fee was taxed as costs cannot execute on the judgment. Couvillion v. Smiley, 194 So.2d 106 (La.App., 1st Cir. 1966). Since defendants were dismissed by the trial court on exceptions, and the Clerk neither appealed nor answered Stewart’s appeal, the question of whether the Clerk may also be entitled to a judgment for costs against the party cast is not before us.
In the situation before us, the major expense is the cost of Doyle Sanders’ expert witness fee, which is unpaid. With the exception of this item of expense, all accrued costs are covered by plaintiff’s cost advance.
The record contains no transcript of testimony that was produced at the trial of the Rule. The Clerk’s petition alleges Doyle Sanders was an expert appointed by the court. The deposition of Wallace Milford, which was taken in connection with the trial of the original possessory action and which is in the record, contains an indication that a plat prepared by Sanders had been introduced into evidence by defendant.
There is no evidence in the record establishing with certainty whether Sanders was a court-appointed expert or one offered by defendant. Only if Sanders is the former is •the Clerk entitled to seek payment of his fee as accrued court cost. Otherwise his fee is not an element of court cost for which plaintiff is liable.
*593 Because of his uncertainty, we reverse and remand to the trial court for the purpose of ascertaining whether Doyle Sanders is a court-appointed expert or not. If he is court-appointed, the trial court should reinstate its original judgment. If not, the Clerk’s demands should be rejected at his cost.
Reversed and remanded.

. § 843. Security for cost; collection of accrued costs; employment of counsel
“The clerk of court may demand security for costs at the time the suit is filed.
“After any cost advance furnished under R.S. 13:842 has been exhausted, all accrued costs shall be paid by the party primarily responsible therefor, or by the surety on any bond for costs furnished by him, upon receipt of the clerk’s demand for payment thereof supported by an itemized account of these accrued costs approved by the judge. If these accrued costs are not paid within ten days of the demand for payment, judgment therefor may be rendered against the party, and against the surety on any cost bond furnished by him, by rule returnable not less than two judicial days from the date of service upon the defendants in rule and the clerk may employ an attorney at law to assist him in filing and trying said rule or rules, and the fee of the attorney employed for that purpose shall be fixed by the district judge before whom the rule is tried and shall be taxed as costs along with the cost of hearing the rule.”