361 So.2d 292 (1978)
The BOARD OF TRUSTEES OF the EAST BATON ROUGE MORTGAGE FINANCE AUTHORITY, acting as the Governing Body of Said Authority
v.
ALL TAXPAYERS et al.
No. 12113.
Court of Appeal of Louisiana, First Circuit.
July 10, 1978.
*294 Steve E. Hicks, John H. Taylor, Parish Atty., Joseph F. Keogh, Baton Rouge, of counsel for plaintiff appellee.
Jonathan C. Harris, Baton Rouge, of counsel for defendant All Taxpayers, et al.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This appeal arises out of the trial court's denial of a motion to compel delivery of funds in the hands of the garnishee[1], and recalling, vacating, and setting aside a rule against the clerk of court for refund of cost deposits. The motion to compel and the rule for refund were brought by Jonathan Harris, one of the defendants in the original suit, Board of Trustees of the East Baton Rouge Mortgage Finance Authority, Acting as the Governing Body of said Authority v. All Taxpayers, et al., 336 So.2d 306 (La.App. 1st Cir. 1976), wherein both the trial court and this court found in favor of the defendants and assessed court costs against the plaintiff. This judgment is now final.
In attempting to execute on his judgment the defendant filed a petition for garnishment against the attorneys for the plaintiff of the original suit. Based on interrogatories in the garnishment proceeding, defendant, plaintiff-in-rule, requested a motion to compel delivery of funds to the sheriff which were in the hands of the attorneys. Along with the garnishment proceeding, Harris also filed a rule against the clerk of court for refusal to refund his security of cost deposits.
On appeal, Harris argues that the trial judge erred in (1) failing to order the garnishee to deliver the funds held for the original plaintiff, (2) holding the garnishee to have a lien or right of retention affecting the cash deposit against the seizing creditor, (3) failing to decree the garnishee not to be entitled to the attorney fee deposit provided by LSA-R.S. 13:3927, and (4) failing to order the clerk of court to refund his cost deposits.
The trial judge, in denying the motion to compel delivery of funds and recalling, vacating and setting aside the rule for refund, assigned oral reasons for judgment; however, the record is void of any transcribed oral or written reasons.

ERRORS NOS. 1 & 2
In attempting to execute on a judgment, it must first be established that the party requesting the issuance of a writ of fieri facias is a judgment creditor based on a valid and final judgment. This court views the defendant-Harris as a judgment creditor for the court costs assessed against the plaintiff, the judgment debtor, to the extent of funds expended by Harris.
*295 Cases are too legion to require citation that a successful plaintiff who is awarded a money judgment along with the assessment of court costs is entitled to the collection of a monetary amount equal to the money awarded plus the court costs the plaintiff expended in litigating the matter. The same must hold true for a successful defendant where the plaintiff is cast for costs. The award of court costs against the judgment debtor is a money judgment in favor of that party who incurred court costs in participating in the litigation.
Since Harris expended court costs and was eventually successful, then the assessment of court costs against the plaintiff is in and of itself a money judgment against that plaintiff executable by Harris.
Upon concluding that the plaintiff-in-rule has a money judgment for court costs, the issue then is whether the garnishee has in his possession or under his control property belonging to the judgment debtor which is subject to seizure under a writ of fieri facias. LSA-C.C.P. art. 2411. An attorney at law who possesses property for his client is subject to garnishment proceedings by the judgment creditor. White v. Bird, 20 La.Ann. 188 (1868), Shanghnessy v. Fogg, 15 La.Ann. 330 (1860), 38 C.J.S. Garnishment § 58 (1943).
In Butchers' Union Slaughter-House & Live-Stock Landing Co. v. Crescent City Live-Stock Landing & Slaughter-House Co., 41 La.Ann. 355, 6 So. 508 (La.1889), our early Supreme Court analyzed the right of an attorney to funds placed in his hands in the common law terms of a "solicitor's retaining lien". Under the common law, there are two kinds of attorneys' liens: (1) a charging lien, the right to compensation for services from the funds or judgment which the attorney has recovered for the client because of his professional services rendered and (2) a retaining lien, the right to retain possession of a client's documents, money, etc., until paid for his professional services. 7 C.J.S. Attorney and Client § 207 et seq. (1937).
The right of retention has also been recognized in the civil law and extended to mandataries or administrators of affairs for expenses incurred on behalf of another. Planiol, Civil Law Treatise (An English Translation by the Louisiana State Law Institute), vol. 2, no. 2514 et seq.
Louisiana has provided for both the charging lien and retaining lien under LSA-R.S. 9:5001 and LSA-C.C. arts. 3022 and 3023[2]. LSA-R.S. 9:5001 embodies the same characteristics and effects as that of a charging lien in the common law and under LSA-C.C. arts. 3022 and 3023 interpreted in pari materia by the court in Butchers' Union, supra, establishes the retaining lien for the attorneys' fees.
Appellant argues that for the attorneys' fees to be set-off, they must be liquidated prior to the garnishment. We disagree. In Butchers' Union, supra, the court's interpretation of LSA-C.C. art. 3023 states that:
"The debts referred to in the final clause of article 3023, and which must be liquidated in order to be offset, are obviously debts other than such commissions or fees."
*296 It is clear from the answers to the interrogatories that the Authority is indebted to the attorneys for their fees, and thus the trust deposit being held by the attorneys for the judgment debtor is subject to retainage in payment of fees, though they are not liquidated. LSA-C.C. arts. 3022 and 3023.
This Court recognizes the well established principle of law that a garnishing creditor acquires no greater right against the garnishee than the judgment debtor would have had if he had sought recovery directly against the garnishee. Oakey v. Mississippi and Alabama Railroad Company, 13 La. 567 (1839); Walker v. Townsend, 127 So.2d 224 (La.App. 3rd Cir. 1961); 38 C.J.S. Garnishment § 176 (1943).
Therefore, since we have concluded that the attorney-garnishee can retain those funds in his possession as against the client, judgment debtor, the same is true as against the garnishor, and thus there is no error on the part of the trial judge in denying garnishment.

ERROR NO. 3
LSA-R.S. 13:3927 provides:
"Whenever a plaintiff suing out a writ of garnishment shall apply to the court for the issuance of such writ, the plaintiff shall deposit with the clerk of court the sum of fifteen dollars, as a fee for the attorney for the employer who answers such interrogatories. This sum may be charged and collected as other costs. If no answer is filed by the garnishee, within the time provided by law, the attorney's fee so deposited shall be returned to the seizing creditor. If the court in its discretion should rule that no fee should be charged to the costs by such attorney for the employer, the fee shall likewise be returned to the seizing creditor. If the court should rule that a fee greater than fifteen dollars should be assessed, the court may fix the amount of such fees, which shall be charged to the costs of the suit."
This particular section is found in that part of Title 13 entitled Garnishment of Wages, Salaries and Commissions. The fee to be awarded at the discretion of the trial court is "for the attorney for the employer who answers such interrogatories". The title of Act 181 of 1932, Regular Session, the source of LSA-R.S. 13:3927 reads as follows:
"Providing the procedure by which the non-exempt portion of all wages, salaries, commissions or other compensation of employees of every nature and kind, whether skilled or unskilled, may be seized and garnisheed; providing for a continuing garnishment until judgment debts are liquidated; providing for the procedure and rights of the parties where the judgment debtor is indebted unto the garnishee; providing for the hearings to be had before courts of competent jurisdiction and the nature of the judgments to be rendered by such courts and the manner in which payments shall be made under such garnishment process; and providing for a fee to be paid as costs for the attorney answering garnishment interrogatories."
We are of the opinion that the legislature only intended to concern itself with the garnishment of "wages, salaries, commissions or other compensation of employees", and thus, LSA-R.S. 13:3927 cannot act as authority for the awarding of a fee to the attorney for the garnishee answering interrogatories unless the garnishee is the employer of the judgment debtor.
The well established rule is that attorney fees are not recoverable absent contract or statutory authority. We have not been cited any authority, nor do we know of any allowing the awarding of attorney fees for the answering of interrogatories in connection with garnishment, other than LSA-R.S. 13: 3927. Necessarily then, it must follow that no fee is due for the answering of these interrogatories, and the fifteen dollars deposited for such fee shall be returned to the appellant.

*297 ERROR NO. 4
LSA-R.S. 13:843[3] recognizes that the clerk of court may demand security from the party litigant primarily responsible for the costs incurred. Normally this is the plaintiff even though the defendant may have been assessed all costs. In Stewart v. Avery, 341 So.2d 590 (La.App. 2nd Cir. 1977), our brethren on the Second Circuit stated:
"The casting of defendants with costs in a signed judgment does not operate to relieve the plaintiff from his primary liability to the Clerk of Court for accrued cost. The effect is only to place the ultimate liability upon the party cast, and to allow plaintiff to obtain reimbursement for his cost by execution of his judgment.
"This result is essential. The Clerk must have the right to hold plaintiff, even after judgment assessing costs has been rendered, in order to provide maximum assurance that the court costs will be paid. There is always the very real possibility a defendant judgment debtor cast for cost will be insolvent or reluctant to pay (as was the case here). These are risks which must be assumed by the party provoking the lawsuit, and not by the Clerk.
"Further, the right to collect the costs under the terms of the judgment belong to the party in whose favor it was rendered."
This case dealt with a rule brought by the clerk under LSA-R.S. 13:843 in order to obtain accrued costs from the plaintiff even though the defendant was assessed costs.
The appellant-Harris by enlisting as defendant and provoking an appeal to this court became the party primarily responsible for certain costs. Apparently all costs due the clerk of court have been paid, but since the appellee has been assessed all costs, defendant, plaintiff-in-rule, seeks a refund from the clerk of court for those costs which he has paid.
We know of no rule, nor do we deem to establish one herein, that a judgment casting one party for costs operates as a mandate to the clerk of court to refund to the party not assessed costs, the costs advanced.
Clerks' offices operate on self generated funds collected in the form of fees. These funds are used to pay salaries as well as normal operating expenses. Included in the fees collected are those fees due the sheriffs' offices and court reporters. The clerks' offices necessarily then do not retain these fees collected, but merely pass them on. If the clerk would be required to refund costs paid to the party not assessed without receiving from the party assessed these same costs, it is more probable than not that the clerk's office would operate at a deficit.
The solution to the party not assessed for costs obtaining a refund of costs he has paid is that suggested by Stewart v. Avery, supra, execution of the judgment against the party assessed for costs. Therefore, we find no error on the part of the trial judge in refusing to order a refund.
Therefore, for the above and foregoing reasons the judgment of the trial court is amended to order the return of the fifteen dollar deposit made in connection with the *298 garnishment, and as amended it is affirmed at appellant's costs.
AMENDED AND AFFIRMED.
NOTES
[1] McCollister, Belcher, McCleary, Fazzio, Mixon, Holiday and Jones (now McCollister, McCleary, Fazzio, Mixon, Holiday and Jones).
[2] LSA-R.S. 9:5001:

"A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all judgments obtained by them, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon."
LSA-C.C. Art. 3022:
"The principal ought to reimburse the expenses and charges which the agent has incurred in the execution of the mandate, and pay his commission where one has been stipulated.
"If there be no fault imputable to the agent, the principal can not dispense with this reimbursement and payment, even if the affair has not succeeded; nor can he reduce the amount of reimbursement, under pretense that the charges and expenses ought to have been less."
LSA-C.C. Art. 3023:
"The mandatary has a right to retain out of the property of the principal in his hands, a sufficient amount to satisfy his expenses and costs.
"He may even retain, by way of offset, what the principal owes him, provided the debt be liquidated."
[3] LSA-R.S. 13:843:

"The clerk of court may demand security for costs at the time the suit is filed.
"After any cost advance furnished under R.S. 13:842 has been exhausted, all accrued costs shall be paid by the party primarily responsible therefor, or by the surety on any bond for costs furnished by him, upon receipt of the clerk's demand for payment thereof supported by an itemized account of these accrued costs approved by the judge. If these accrued costs are not paid within ten days of the demand for payment, judgment therefor may be rendered against the party, and against the surety on any cost bond furnished by him, by rule returnable not less than two judicial days from the date of service upon the defendants in rule and the clerk may employ an attorney at law to assist him in filing and trying said rule or rules, and the fee of the attorney employed for that purpose shall be fixed by the district judge before whom the rule is tried and shall be taxed as costs along with the cost of hearing the rule. As amended Acts 1958, No. 349, § 1."