FORET, Judge,
dissenting.
The issue on appeal in this case is whether an attorney at law has a special privilege for the amount of his professional fees, under LSA-R.S. 9:5001 where the suit is settled by a compromise agreement, and a consent judgment is rendered dismissing his client’s suit. The trial court concluded that that attorney did have a special privilege under 9:5001.
The majority proposes to reverse the trial court for the reason that a statutory provision creating a privilege or lien is in derogation of common rights, and therefore should be strictly construed and cannot be extended by analogy or implication.
In my view of the case, the majority places too narrow an interpretation of the word “judgment” as contained in 9:5001. In particular, I feel that the provisions of Civil Code Article 3078, under the title “OF TRANSACTION OR COMPROMISE” bear on this case. Article 3078 is as follows:
“Transactions have, between the interested parties, a force equal to the authority of things adjudged. They cannot be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected.”
The cases in the jurisprudence are legion holding that a compromise agreement, freely made, has the dignity and force of a definitive judgment so far as it definitely and irrevocably fixes rights and liabilities of parties thereto as relating to the subject matter dealt with. Jackson v. U. S. Fidelity & Guaranty Co., 199 So. 419 (La.App. 2 Cir. 1940); even where no suit was pending when the compromise was effected. Beck v. Continental Casualty Co., 145 So. 810 (La.App. 2 Cir. 1933). Some of the later cases holding that a transaction or compromise, voluntarily entered into, has the force of a definitive and final judgment are Benson v. Metropolitan Cas. Ins. Co. of New York, 79 So.2d 345 (La.App. 2 Cir. 1955); Hancock v. Lincoln American Life Insurance Co., 278 So.2d 561 (La.App. 1 Cir. 1973), writ denied, La., 281 So.2d 754; Oil Purchasers, Inc. v. Kuehling, 334 So.2d 420 (La.S.Ct.1976).
For the reasons I have mentioned above, I am of the opinion that since a transaction or compromise such as in this case has the authority of a thing adjudged, and is in fact a definitive judgment according to the jurisprudence, that the word “judgments” in 9:5001 applies to a transaction or compromise freely entered into between the parties involved, and dealing with the very issue in dispute.
In a recent case of Board of Trustees, etc. v. All Taxpayers, 361 So.2d 292 (La.App. 1 Cir. 1978), the court stated as follows:
“Under the common law, there are two kinds of attorneys’ liens: (1) a charging lien, the right to compensation for services from the funds or judgment which the attorney has recovered for the client because of his professional services rendered and (2) a retaining lien, the right to retain possession of a client’s documents, money, etc., until paid for his professional services. 7 C.J.S. Attorney and Client § 207 et seq. (1937).
The right of retention has also been recognized in the civil law and extended to mandataries or administrators of affairs for expenses incurred on behalf of another. Planiol, Civil Law Treatise (An English Translation by the Louisiana State Law Institute), vol. 2, no. 2514 et seq.
Louisiana has provided for both the charging lien and retaining lien under *1103 LSA-R.S. 9:5001 and LSA-C.C. arts. 3022 and 3023.[1] LSA-R.S. 9:5001 embodies the same characteristics and effects as that of a charging lien in the common law and under LSA-C.C. arts. 3022 and 3023 interpreted in pari materia by the court in Butchers’ Union,[2] supra, establishes the retaining lien for the attorneys’ fees.”
There is no question that in this case the funds involved have not been distributed, but are deposited in the registry of the court pending the outcome herein. Therefore, Civil Code Article 3023 should be given effect in applying the principle of the retaining lien of the mandatary.
I am further of the opinion that the seizing creditor, the bank, acquired no greater right in the funds obtained from the settlement of the case than its judgment debtor had. Certainly the judgment debtor, under the contingent fee contract which he entered into with his attorney, had no right whatsoever to the forty per cent of the settlement. This is Hornbook law. Inasmuch as the client had no right to the forty per cent, then I fail to see how a seizing creditor, seizing the client’s cause of action, could acquire a greater right to the cause of action and the funds derived therefrom than the judgment debtor had.
I should iike to note, in conclusion, the recent Supreme Court case of Saucier v. Hayes Dairy Products, Inc. and the Hartford Group Insurance Company, Supreme Court Docket No. 61,652, decision rendered December 15,1978. The thrust of Saucier is that attorneys who enter into valid contingent fee contracts, drawn and recorded in conformity with LSA-R.S. 37:218, as was done in the case at bar, should be protected. The Court stated that such contracts promote the distribution of needed legal services by reducing the risk of financial loss to clients and making legal services available to those without means.
For the above and foregoing reasons, I respectfully dissent.

 LSA-C.C. Art. 3022:
“The principal ought to reimburse the expenses and charges which the agent has incurred in the execution of the mandate, and pay his commission where one has been stipulated.
“If there be no fault imputable to the agent, the principal can not dispense with this reimbursement and payment, even if the affair has not succeeded; nor can he reduce the amount of reimbursement, under pretense that the charges and expenses ought to have been less.”
LSA-C.C. Art. 3023:
“The mandatary has a right to retain out of the property of the principal in his hands, a sufficient amount to satisfy his expenses and costs. “He may even retain, by way of offset, what the principal owes him, provided the debt be liquidated.”

 Butchers’ Union Slaughter-House & LiveStock Landing Co. v. Crescent City Live-Stock Landing & Slaughter-House Co., 41 La.Ann. 355, 6 So. 508 (1889).