IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30043
Summary Calendar
_____


In The Matter Of:   SEALED APPELLANT,

Appellant.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____

No. 95-30166
Summary Calendar
_____


In The Matter Of:   SEALED APPELLANT,

Appellant.


_____

Appeals from the United States Disrict Court for the
Eastern District of Louisiana
(94-2935)
_____

January 17, 1996
Before GARWOOD, WIENER and PARKER, Circuit Judges.[*]

GARWOOD, Circuit Judge:

Appellant appeals his suspension from practice before the

United States District Court for the Eastern District of Louisiana

for a period of six months.  Because we find that the district

court did not abuse its discretion in suspending appellant, we

affirm.

_____

[*]     Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

## Facts and Proceedings Below

This appeal arises out of appellant's suspension for a period of six months from the practice of law before the United States District Court for the Eastern District of Louisiana in accordance with Rule III of the Eastern District Rules of Disciplinary Enforcement. Rule III (C)(1) provides for reciprocal disciplinary proceedings in the district court following the suspension or disbarment of an attorney before another federal or state court. Because the district court's disciplinary action was predicated on appellant's suspension by a state court, an examination of the rather convoluted facts of the underlying state proceedings is necessary to an understanding of the issues on appeal.

Appellant was the subject of two state disciplinary proceedings. The first proceeding led to a public reprimand being issued to appellant. Appellant's actions during the pendency of the initial disciplinary proceedings gave rise to one count of a two count formal disciplinary charge brought against appellant which led to his suspension for six months from practice before the Louisiana state courts, and subsequently led to his instant suspension for a like period from practice before the district court.

### A.  State Disciplinary Proceedings

In 1987, Henrietta Reed engaged Appellant to obtain past due child support owed by her former husband. Appellant obtained a judgment on behalf of Reed which ordered payment of past due child support in the amount of $311 as well as awarding $1,000 in

2

attorney's fees. Apparently pursuant to a memorandum from appellant to Reed, appellant received child support payments on Reed's behalf which he was then to distribute to her. However, appellant received payments totaling $2,879.25, but paid out only $1,725.55 to Reed. Reed discharged appellant and initiated a complaint with the Louisiana State Bar Association. Appellant alleged in that proceeding that he was owed by Reed fees totaling $6,513.

On October 12, 1989, a hearing was held before the Committee on Professional Responsibility. It was alleged that appellant had failed to promptly forward funds to a client, had improperly commingled client funds, and had charged an unreasonable legal fee for his services. At the hearing, appellant challenged allegations that he had failed to promptly forward funds to a client and had commingled client funds with his own by introducing the February 7, 1987 memorandum which he had sent to Reed which provided: "all checks received pursuant to a judgment resulting from litigation shall be sent to me for distribution." Appellant also introduced a copy of the petition signed by Reed which requested a percentage of her former spouse's retirement pay as community property in addition to back child support as evidence that he had provided services beyond those described by Reed. Appellant introduced sixty-three exhibits in all at the hearing.

On November 22, 1989, appellant sent a letter to Mr. Fred G. Ours, Assistant Counsel for the Louisiana State Bar Association, withdrawing all demand letters to Reed. Appellant was

3

subsequently notified on March 30, 1990 that the Disciplinary Board was planning to issue a Letter of Public Reprimand in the matter. Appellant appealed this decision to the Louisiana Supreme Court on April 12, 1990. Meanwhile, appellant sent a letter to Reed dated April 17, 1990 demanding payment of $3,185 of the $6,513 appellant claimed he was originally owed, and subsequently filed suit to collect the reduced amount on May 10, 1990. The Supreme Court affirmed the Committee's decision to issue a public reprimand on May 25, 1990, and denied appellant's petition to stay the issuance of the reprimand on June 11, 1990. The Letter of Public Reprimand issued the following day. Appellant then petitioned the Louisiana Supreme Court for rehearing which was ultimately denied on September 14, 1990. Appellant voluntarily dismissed his suit against Reed on October 17, 1990.

A second disciplinary proceeding was initiated by the Disciplinary Counsel for the Louisiana State Bar Association through a two count formal charge filed on March 15, 1991. Count I alleged that appellant had violated the Rules of Professional Conduct by bringing a claim in bad faith against Reed to collect a portion of the fee that the Disciplinary Board had determined was unreasonable.[1] Specifically, appellant had informed the Bar that the demand was withdrawn at the time that the Board was considering disciplinary action against him only to assert a demand and bring

---

[1] The Committee on Professional Responsibility was renamed the Disciplinary Board as the result of changes in Rule 19 of the Rules of the Louisiana Supreme Court effective April 1, 1990.

4

suit for a portion of the disputed fee once he was informed that a public reprimand would issue.

Count II involved an unrelated complaint against appellant arising out of his representation of Mrs. Luitgardis Marie Tell Wright in an estate matter. Appellant handled the succession of Wright's late husband's, and took possession of certain stock certificates and title documents in order to prepare the succession documents. Appellant took possession of these documents in early 1987 and a Judgment of Possession placing these items in the possession of Wright was signed on November 6, 1987. However, a fee dispute arose between appellant and Wright, and Wright sent a letter on January 5, 1988 demanding the return of the documents. Appellant responded by letter that "[i]t is customary to return such property in person," and that Wright should have her attorney or representative contact appellant. Appellant also informed Wright that suit would be brought against her for the fees. A Notice of Privilege and Lien was filed with the Clerk of Court for Jefferson Parish by Robert C. Evans in whose office appellant worked. A suit was also brought against Wright for the fees by the Law Office of Robert C. Evans. The formal charge alleged that appellant had failed to promptly surrender property to a client at the termination of representation as required by the Rules of Professional Conduct.

On July 24, 1991, a hearing was held before Hearing Committee No. 11 of the Disciplinary Board for purposes of considering the charges alleged against appellant. The Hearing Committee issued

5

findings of fact and conclusions which found that: (1) appellant had not violated the Rules of Professional Conduct by bringing a suit against Reed in bad faith; and (2) that appellant had failed to promptly return property to a client as required by the Rules of Professional Conduct. Therefore, the Hearing Committee recommended that a public reprimand be issued on Count II.

The Disciplinary Board issued its Report and Recommendation on August 31, 1993. The Board rejected the Hearing Committee's conclusion that appellant had not acted in bad faith in bringing suit against Reed to collect the disputed fees. The Hearing Committee had concluded that appellant was entitled to pursue his action for fees until the disciplinary proceedings against him were resolved. However, the Board noted that appellant had written a letter withdrawing his demand, and concluded that "[i]t was wrong to threaten and file suit after purportedly withdrawing the demand in order to influence the disposition of the disciplinary proceeding." The Board concurred in the Hearing Committee's conclusion regarding Count II that appellant had violated the Rules of Professional Conduct by failing to promptly return the disputed documents to Wright. Therefore, the Board determined that appellant should be suspended from the practice of law for a period of three months.

On March 18, 1994, the Louisiana Supreme Court issued a per curiam opinion accepting the findings of the Disciplinary Board, but ordering a suspension of six months rather than the three

months recommended by the Board.  *See In re Forman*, 634 So.2d 330 (La. 1994), *cert. denied*, 115 S. Ct. 207 (1994).

### B.  District Court Proceedings

Appellant's suspension by the Louisiana Supreme Court led to reciprocal disciplinary proceedings being instituted in the district court below.  The Rules of Disciplinary Enforcement for the Eastern District of Louisiana provide for reciprocal disciplinary proceedings against attorneys admitted to practice before the court who have been subjected to public discipline before any other federal or state court.  Rule III (C)(1).  The district court will impose "such discipline as the circumstances warrant" unless the district court finds "upon the face of the record upon which the discipline in another jurisdiction is predicated it clearly appears"  that either the procedures in the disciplining court were so lacking as to violate due process or that the proof of misconduct was so weak that the district court cannot accept it.  Rule III (C)(4)(a)-(b).  Otherwise, the other court's determination that misconduct occurred shall be conclusive in the district court.  Rule III (C)(5).

Upon the filing of a petition and copy of the disciplinary order in the district court, the attorney is ordered to show cause within 30 days after service why discipline should not be imposed. Rule III (D)(3).  The attorney is then required to respond in writing either admitting or denying the alleged misconduct, and raising any matters in defense.  Rule III (D)(4).  The judge shall then set a hearing if the attorney raises any issue of fact or

wishes to be heard in mitigation. Rule III (D)(5). The judge then makes written conclusions of law and findings of fact which are submitted to the court en banc for determination of final discipline, if any, which is to be imposed. Rule III (D)(6).

In the present case, the filing of the Louisiana Supreme Court's suspension order in the district court caused the court to issue an order to appellant to show cause within 30 days why he should not be suspended from practice before the Eastern District. Appellant timely filed a response. The district court held no hearing on the matter prior to issuing its Report and Recommendation because the court determined that appellant's response had raised no issue of fact nor indicated any wish to be heard in mitigation so as to trigger a hearing under Rule III (D)(5). The Report lays out the underlying facts and the substance of appellant's complaint in some detail before concluding in rather summary fashion (one paragraph) that appellant raised no fact issues, nor any procedural defect or infirmity of proof that would prevent the court from relying on the state proceedings in imposing its own discipline under Rule III (C)(4). Therefore the district court recommended that Appellant be suspended for six months. By minute entry signed December 9, 1994, the court sitting en banc ordered appellant suspended for six months. This appeal followed.

## Discussion

Appellant's claim on appeal is somewhat difficult to divine as he has filed as his brief on appeal almost precisely the same

8

document which he filed in response to the order to show cause in the district court. Appellant's brief raises several alleged constitutional defects in the state proceedings. Because the state court judgment is not subject to collateral attack before this Court,[2] appellant's complaint on appeal must be that the district court erred in its determination that no constitutional defect existed in the state proceedings which would prevent the district court from relying on those proceedings in imposing its own suspension order under Rule III. We review disciplinary orders of the district court for abuse of discretion. *American Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 533 (5th Cir. 1992).

In *Selling v. Radford*, 37 S. Ct. 377 (1917), the Supreme Court announced the standard which a federal court must apply in reviewing a state attorney disciplinary proceeding before relying on the state proceeding to impose reciprocal discipline on the attorney in federal court:

> "[W]e should recognize the condition created by the judgment of the state court unless, from an intrinsic consideration of the state record, one or all of the following conditions should appear: 1. That the state procedure, from want of notice or opportunity to be heard, was wanting in due process; 2, that there was such an infirmity of proof as to facts found to have established the want of fair private and professional character as to give rise to a clear conviction on our part that we could not, consistently with our duty, accept as final the conclusion on that subject; or 3, that some other grave reason existed which should convince us that to allow the natural consequences of the

---

[2] Court of Appeals lacks authority to review state court judgment ordering suspension of attorney. The only available avenue of appeal to attack such judgments is by certiorari to the Supreme Court of the United States. *Sawyer v. Overton*, 595 F.2d 252 (5th Cir. 1979).

9

> judgment to have their effect would conflict with the duty which rests upon us not to disbar except upon the conviction that, under the principles of right and justice, we were constrained so to do." *Id*. at 379

*Theard v. United States,* 77 S.Ct. 1274 (1957). This Court adopted the *Selling* standard in *In re Wilkes*, 494 F.2d 472, 476-77 (5th Cir. 1974), and also applied it in *In re Dawson*, 609 F.2d 1139, 1142-43 (5th Cir. 1980). The first two prongs of the *Selling* standard are incorporated into Eastern District Disciplinary Rule III (C)(4)(a)-(b) at issue in the present case.

Appellant first argues that the letter of public reprimand issued on June 12, 1990, particularly the finding that Appellant had charged an excessive fee, operated to deprive him of due process in various ways. Specifically, appellant contends that the letter of public reprimand: (1) failed to discuss any of the factors listed in Rule 1.5 of the Louisiana State Bar Associations's Rules of Professional Conduct regarding the reasonableness of attorney's fees; (2) did not specify the amount by which the fee was excessive; (3) failed to show any relationship between the amount of the fee and the value of Reed's community property right in her former husband's retirement pay; and (4) formed the basis of the second disciplinary action for bringing suit in bad faith against Reed despite the absence of any indication as to the amount by which the fee was excessive.

These claims are without merit. The first three of these claims are undercut by the fact that correspondence between the Disciplinary Board and appellant expressly stated that appellant's fee was excessive because it exceeded the amount awarded by the

10

court in violation of La. R.S. 9:305.[3]  In particular, the letter

from the Assistant Counsel to appellant stated:

> "That La. R.S. 9:305 provides that when a court renders
> a judgment to make past due child support executory, the
> court shall award attorney's fees.  The reason for the
> awarding of attorney's fees in such matters is so that
> the full amount of the past due child support is used for
> the benefit of the child.  The court in Ms. Reed's case
> awarded an attorney's fee of $1,000.00.  That you have
> claimed attorney's fees in the amount of $6,513.00 in
> this matter."

Therefore, Appellant was clearly apprised of the fact that the

Disciplinary Board considered any amount over $1,000 to be

excessive. Appellant's fourth argument fails because it is clear

from the record that he was sanctioned for bringing suit in bad

faith at least partly because he had brought suit after informing

the Disciplinary Board that he had withdrawn his demand to Reed in

an apparent effort to influence the outcome of pending disciplinary

proceedings, and not simply because he sought to obtain some

portion of the disputed fee.

Appellant then raises various claimed procedural defects in

the disciplinary hearing held October 12, 1989.[4]  Under the

circumstances, these allegations make out no constitutional

---

[3]     This section has since been repealed by the Louisiana state
legislature effective January 1, 1991.  However, the statute was in
effect at the time that appellant handled the matter for Reed and
at the time that the letter of public reprimand was issued.

[4]     Specifically, appellant claims: (1) he did not have the
right to take Mrs. Reed's deposition before the hearing; (2) he did
not have the right to a pre-hearing conference to clarify the
issues;(3) the hearing lasted only two hours; (4) he was not
permitted to individually introduce and explain all of his
exhibits.

11

deprivation. Procedural due process requires that an attorney be given fair notice of the charges against him and an opportunity to be heard in an attorney disciplinary proceeding. *In re Ruffalo*, 88 S.Ct. 1222, 1226 (1968). The record reflects that appellant was afforded such an opportunity in the case at bar. Appellant participated in a hearing before the state disciplinary body and was allowed to introduce evidence in his defense. Under these facts, that he was not allowed to introduce and explain each of his 63 exhibits individually is not violative of procedural due process. *United States v. Engstrom*, 16 F.3d 1006, 1012 (9th Cir. 1994) (procedural due process does not require that attorney be allowed to present all evidence at evidentiary hearing in attorney disciplinary proceeding, but only notice and opportunity to be heard).

Appellant next asserts that the Louisiana Supreme Court's order disciplining appellant for bringing suit against Reed in bad faith denied appellant the exercise of his right of access to the courts in violation of Article I, Section 22 of the Louisiana Constitution of 1974 and of Article IV, and the First and Fourteenth Amendments of the United States Constitution. The power of both state and federal courts to discipline members of their respective bars is so well-established as to be beyond dispute. In an analogous context, the Louisiana Supreme Court has suggested that the law protects a person's right of access to the courts under the Louisiana Constitution "when they act in good faith upon reasonable grounds in commencing either a civil or a criminal

12

proceeding." *Robinson v. Goudchaux's*, 307 So.2d 287, 289 (La. 1975) (emphasis added) (malicious prosecution). Implicit in this statement is the notion that the right of access to the courts is subject to abuse, and the law affords no protection to persons bringing suit in bad faith. Appellant cites no authority to suggest that a different result obtains under the United States Constitution.

Turning now to the count respecting Wright, appellant contends that: (1) the Louisiana Supreme Court's suspension order was violative of due process because it penalized appellant for exercising his constitutionally protected property right to assert an attorney's lien for fees on Wright's property; (2) the Louisiana Supreme Court's summary rejection of appellant's claim of res judicata violated both substantive and procedural due process; and (3) Rule 1.16(d) of the Rules of Professional Conduct was unconstitutionally vague because it failed to specifically provide that an attorney was prohibited from holding a client's property against which a lien had been filed until the client posted a security bond. We address these complaints seriatim.

Leaving aside the question of whether appellant was entitled to assert a lien for fees in the first place, he makes out no constitutional violation because the lien which he filed did not entitle him to retain Wright's property. Louisiana law recognizes two types of attorneys' liens: (1) the charging lien embodied in LSA-R.S. 9:5001 which gives an attorney "the right to compensation for services from the funds or judgment which the attorney has

13

recovered for the client;" and (2) the retaining lien found at LSA-C.C. 3022 and 3023 which gives an attorney the "right to retain possession of a client's documents . . . until paid for services." *Bd. of Trustees of the East Baton Rouge Mortgage Fin. Auth. v. All Taxpayers*, 361 So.2d 292, 295 (La. Ct. App. 1978). Appellant's notice of privilege was filed under the former provision. As a result, appellant had no valid lien which would entitle him to retain Wright's property. Appellant was disciplined for wrongfully retaining a client's property not for exercising his right to obtain a lien for disputed attorneys' fees.[5]

Appellant bases his claim of res judicata on the fact that a letter dated March 24, 1988 indicated that the Committee on Professional Responsibility had concluded that there was insufficient evidence to support Wright's allegations, yet the same underlying events led to his suspension as the result of charges brought against him by the Disciplinary Counsel on March 15, 1991. Appellant claims that the Louisiana Supreme Court's summary rejection of his claim of res judicata deprived him of both substantive and procedural due process. Appellant bases his substantive due process argument on the Supreme Court's decision in *Western Union Co. v. Pennsylvania*, 82 S.Ct. 199 (1961), which he claims stands for the proposition that res judicata is included

---

[5] The Hearing Committee concluded that appellant's "failure to return the documents was not merely an oversight but was in fact intentional upon the belief, however erroneous, that there was a legitimate privilege on the documents and property pursuant to R.S. 9:5001 and that this privilege allowed the retaining of documents and property."

14

within substantive due process.  Appellant bases his procedural due process claim on the Louisiana Supreme Court's summary rejection of his claim of res judicata and failure to follow its own rules which recognize that the Louisiana Code of Civil Procedure applies in disciplinary proceedings except where specifically excluded.  *See* La. Sup. Ct. Rule XIX, §18.

Appellant cites no Louisiana authority indicating that the Committee on Professional Responsibility's investigatory decisions are to be given res judicata effect nor do we find any such authority.  Indeed, we would be surprised to find such authority as the doctrine of res judicata clearly requires a prior final judgment.  *See, e.g., Steele v. Compass Welding Co., Inc.*, 590 So.2d 1235, 1238 (La. Ct. App. 1991).  Yet the Louisiana State Bar Association's disciplinary body has no authority to issue a final judgment, but rather recommends appropriate discipline to the Louisiana Supreme Court which acts as the trier of fact and conducts an independent review.  *Louisiana State Bar Ass'n v. Boutall*, 597 So.2d 444, 445 (La. 1992).  It follows that recommendations, much less investigatory decisions, of the Committee on Professional Responsibility are not entitled to preclusive effect.  We find no constitutional flaw in the Louisiana Supreme Court's summary rejection of such a patently meritless contention.  Furthermore, since appellant had no arguably valid claim of res judicata the Louisiana Supreme Court did not fail to observe its own rules so as to deprive appellant of his right to procedural due process.

15

Because appellant had no lien which would entitle him to retain Wright's property, we need not address his claim that Rule 1.16(d) of the Rules of Professional Conduct was void for vagueness for failing to specifically provide that an attorney could not retain a client's property pursuant to a lien.

Having found no defect in either notice and opportunity to be heard or in the reliability of the proof in the state proceedings, we find no abuse of discretion on the part of the district court in relying on the state disciplinary proceedings in imposing its suspension order.

Accordingly the district court's order is AFFIRMED.